FRANKLIN,
January,
1839.

JOHN D. CLEAVLAND *v.* A. S. & O. A. BURTON and DAVID S. BRUNSON.

## (In Chancery.)

To set aside a contract reduced to writing, on the ground that it was different from what the parties intended, the evidence must be clear and conclusive. Evidence, drawn from the admissions of parties, in a casual conversation, when they are not supposed to state all the facts in relation to a particular subject, is not very satisfactory to establish a litigated point.

Where a party wholly neglects to perform the conditions annexed to a contract, on his part, and there are no sufficient reasons for such neglect, he cannot require the other party to perform.

THE orator, in his bill, stated in substance that, on or about the 25th day of June, 1834, being indebted to the defendants, A. S. & O. A. Burton, then partners in business, in the sum or nearly the sum of $500, he deeded his farm, in Georgia, to said defendants by an absolute conveyance, at their request and upon their agreement to execute their bond to deed the same farm to any person the orator might designate, upon the payment of the sum to be found due from the orator to said Burtons ; that the orator designated David S. Brunson, the other defendant, as the person to take said bond, and that the Burtons executed to said Brunson a bond, conditioned to deed the premises to said Brunson, upon the payment of the sum then found due them from the orator ; which sum the orator alleged to be much less than the value of said farm ; that said bond was understood and intended to be for the sole benefit of the orator, the said Brunson acting only as his friend and expecting to have no interest in the transaction. The orator complained that the said Burtons, afterwards, denying such understanding, ejected the orator from said farm, by legal process, and wholly refused to perform their said agreement. The bill sought discovery and relief, and prayed that the said Burtons might be decreed to convey the premises to the orator upon the payment of the sum due them in equity.

The several answers of the said Burtons wholly denied the agreement, alleged in the bill, that the bond to the said Brunson was to be for the benefit of the orator, and alleged that

the deed from the orator to them was absolute, and so intended and understood to be ; that the said Brunson, after the execution of said bond, representing himself to be unable to pay for said farm, requested the said Burtons to take back said bond and rescind the contract, with which request they complied. These defendants also stated that they allowed the orator one thousand dollars for said farm, and that he was, at the time, indebted to them in more than that sum ; and that said farm was not worth more than the said sum of $1000.

The other defendant, Brunson, admitted that, in taking the bond, he acted by an understanding between him and the orator, for the benefit of the latter, although he represented to said Burtons that he was negotiating for the benefit of his (Brunson's) brother ; that finding himself unable to make the payments mentioned in the condition of said bond, the bond was given up to the Burtons and the purchase of the farm abandoned.

The nature of the testimony may be understood from the opinion of the court, which was delivered by

WILLIAMS, Chancellor.—The court do not find the evidence in this case sufficient to establish the allegations in the bill or to disprove the answers, in any material part. The evidence of the admissions of parties, impressions derived from casual conversations, conversations had in a store or in any place where numbers are collected, and a law suit is the subject about which they are talking, words spoken by a party, at such time, or supposed to be spoken, are very unsatisfactory to establish a point litigated. The contract between the orator and the Burtons was in writing ; the terms of it, and the reason why it was made in the manner it was, are fully proved, and the Burtons have been uniform in their declarations that they should adhere to the bond, and would not vary from it in any particular. Before we set aside this contract and declare that it was, or was intended to be different from what it appears, the evidence should be very clear, satisfactory and conclusive.

But, even if it were in proof not only that Brunson was the agent of the orator, but that such agency was known to the

FRANKLIN,
January,
1839.

Cleavland
v.
Burtons et al.

Burtons—which, however, is directly denied in the answers —and that the bond was taken for his benefit alone, we can see no ground for any decree in favor of the orator. It is not pretended that the contract, as written, was different from what was intended. There is no evidence that any advantage was taken of the situation of the orator. Although there is, as is usual, a different estimate put on the value of the land by the several witnesses, yet we do not discover that there is any great difference between the value of the land and the sum agreed to be given for it.

The evidence is concurring that the orator and the Burtons both intended a sale and purchase, and neither of them contemplated a mortgage. Instead of preserving any debt or evidence of a debt against the orator, the Burtons discharged and cancelled whatever demands they had against him. They retained none of the rights of a mortgagee, and if the premises had been of less value, or the buildings had been destroyed, the loss would have been wholly theirs.

The defendants always insisted that they would not vary from their bond, and the orator, if it was his or for his benefit, should have complied with the conditions. Having wholly failed to perform the conditions, on his part, no reason or excuse having been shown why he failed, we can discover no grounds to decree in his favor, even in this view of the case. The bill must, therefore, be dismissed, with costs.

O. Stevens and A. G. Whittemore, for orator.

Smith & Aldis and S. S. Brown, for defendants.

Royce, Chancellor, was prevented by ill heath from sitting in this case.