ALVIN HASKIN *v.* HIRAM J. HASKIN AND EUNICE HASKIN.

[IN CHANCERY.]

A bill having been brought to foreclose the defendant's equity of redemption in cer-
tain premises, for an accounting of the profits and to have the defendants en-
joined from prosecuting proceedings in insolvency; the orator having offered
in his bill to pay whatever should be adjudged due either of defendants; the
defendant wife having claimed that $560 was due her from the orator, and set
forth her claim by answer; the court having found from the testimony in her
favor; *held,* that she was not entitled to active relief ; that she must seek her
rights by *cross-bill,* or upon the injunction bond ; but that the bill be dismissed
unless the orator pays, within some short time, the sum found due.

BILL in chancery. Heard on bill, answers and testimony, Sep-
tember Term, 1881, Franklin County. ROYCE, Chancellor, de-
creed a foreclosure and that the injunction be made perpetual.
The defendants filed separate answers. The said Eunice is the wife
of said Hiram J. Her claim against the orator and the purpose of
the bill are stated in the opinion. She insisted in her answer that
all matter between her and the orator should be adjudicated in
the Court of Insolvency, where a petition was pending signed by
defendants against the orator. '

*J. A. Fitch* and *H. S. Royce,* for the orator.

*C. G. Austin* and *H. C. Adams,* for the defendants.

The opinion of the court was delivered by
TAFT, J. The bill in this case prays for the foreclosure of the
defendants' equity of redemption in the premises described in the
bill, an accounting for the profits while in their possession, and
the defendants enjoined from prosecuting certain proceedings in
insolvency against the orator. No objection is made by the de-
fendants to a foreclosure and accounting, but the controversy in
the case is in regard to the sum of five hundred and sixty dollars,

which the defendant Eunice claims was loaned by her in the spring of 1880 to her husband, Hiram J., her co-defendant, and the orator, the latter claiming that it was advanced to Hiram J., and upon his credit only. The orator offers in his bill to pay the defendants, or either of them, any sum which may be adjudged due her. Upon an examination of the testimony the court are of the opinion that the orator is indebted to the defendant Eunice in the sum named ; that it was advanced by said Eunice for the purpose to which it was applied at the request and upon the credit of the orator and upon his promise to repay it to said Eunice ; and we therefore adjudge that there is due from the orator to said Eunice in respect to said sum of money the sum of five hundred and sixty dollars, with interest since the 7th day of April, 1880.

The finding of fact in respect to said sum of money relieves the case of any controverted legal question, and, although we find the same due the defendant Eunice, no active relief can be given her, and she must be left to seek her rights in a court of law, by a cross-bill, or upon the injunction bond, in this cause.

The *pro forma* decree of the Court of Chancery is reversed, and the cause remanded, with a mandate that if the orator pays to the defendant Eunice the sum above named, with interest and costs of this suit, within some short time to be limited by the chancellor, a decree be entered for him in accordance with the prayer of the bill, and that in default of such payment the bill be dismissed with costs and the injunction dissolved. The orator takes no cost, and pays the defendant Eunice her costs.