EPHRAIM FULLER AND VIONA FULLER *v.* EARL KNAPP.

Appointed Special Term, Brattleboro, February 16, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed April 13, 1909.

*Equity—Reformation of Deeds—Mistake—Degree of Proof Required.*

A court of equity will reform a deed on the ground of mistake only when the evidence showing the mistake is so strong and conclusive as to establish the fact beyond a reasonable doubt.

APPEAL IN CHANCERY. Heard on the pleadings and findings of fact made by the chancellor, at the April Term, 1907,

Windham County, *Taylor*, Chancellor. Decree dismissing the bill with costs to the defendant. The orator appealed.

The bill alleges that, while the orators owned certain land, the orator, Ephraim Fuller, by deed duly recorded conveyed to one Ashford "all the saw timber standing and growing" thereon; that subsequently the orators sold the land to defendant, who had read the deed to Ashford, "reserving all the lumber, timber, and wood standing" thereon, with the privilege of placing a portable mill on the land for sawing said lumber and timber, which lumber and timber was to be removed within a specified time; that the parties engaged a scrivener to make a deed of the land from the orators to defendant and the orators duly executed and delivered the same; but that "because of some accident in drawing said deed" no mention of said reservation or privilege was made therein, and praying, among other things that said deed from the orators to defendant be reformed by inserting therein said reservation.

The answer admits all the foregoing allegations, except that of mistake in drawing the deed, and alleges that it was distinctly understood that defendant acquired no title to the "saw lumber and timber" on the land, and that he claims none, "but that he did understand and was informed by said Fuller that the wood, being the tops of the saw lumber and timber trees on said premises, were to be the property of said defendant;" and denies that the reservation was omitted from the deed because of any accident or mistake.

The chancellor found that "at the time of the conveyance to the defendant he was fully aware of the interest of the said Ashford in the land thereby conveyed to him, having seen and examined the record of said Ashford's deed, and at the time of the execution of said deed the subject-matter of the reservation of said Ashford's rights in said land was talked over by the orators and the defendant. The scrivener who wrote the deed, informed them that said Ashford's rights in the land should be reserved to prevent the defendant's claiming a conveyance of the land without reservation, but the orators told him that that was not necessary as it was all understood between them."

*A. P. Carpenter* and *Gibson & Waterman* for the orators.

*Haskins & Schwenk* for the defendant.

"The court cannot modify the just and conservative rule that written contracts, and more especially deeds, must be held to express the deliberate purpose of the parties and should not be changed but upon the most clear and full proof and such as shall establish the fact beyond a reasonable doubt." *Griswold* v. *Smith et al.,* 10 Vt. 452; *Shattuck* v. *Gay et al.,* 45 Vt. 87; *Preston* v. *Whitcomb,* 17 Vt. 183; *Barre* v. *Harris,* 49 Vt. 393.

WATSON, J. In the findings of fact, the chancellor says he is unable to find with the degree of certainty required by law that the orators reserved the tree tops in their trade with the defendant, or that they intended to have any reservation concerning the wood which they were to cut therefrom expressed in the deed to the defendant, and he is more inclined to think that they were content to let the understanding as to their right to get wood from the tree tops rest in parol. No admissions are made in defendant's answer requiring a different conclusion of fact.

The case presented does not entitle the orators to the relief sought. A court of equity will reform a written contract, and especially a deed, on the ground of mistake, only when the evidence showing the mistake is strong and of a conclusive character, such as shall establish the fact beyond reasonable doubt. *Griswold* v. *Smith,* 10 Vt. 452; *Cleveland* v. *Burton,* 11 Vt. 138; *Goodell* v. *Field,* 15 Vt. 448; *Preston* v. *Whitcomb,* 17 Vt. 183; *Shattuck* v. *Gay,* 45 Vt. 87; *Barry* v. *Harris,* 49 Vt. 392.

*Decree affirmed and cause remanded.*