GEORGE H. FAIRBANKS ET AL. *v.* JULIUS E. HARVEY.

January Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 11, 1910.

*Reformation of Instruments—Evidence—Degree of Proof Required—Grounds of Relief—Mistake of Law.*

Equity will reform a deed on the ground of mistake only when the evidence showing the mistake is so strong and conclusive as to establish the fact beyond a reasonable doubt.

Neither will equity grant relief on the ground of a mistake of law, coupled with inequitable conduct by the adverse party, unless such conduct is established beyond a reasonable doubt.

In a suit to reform a deed, the form of the relief granted is immaterial, except that it must conform to the equities of the case; and the court may restrict the operation of the instrument to what was actually understood and intended by the parties, either by reforming it, or by restricting its enforcement in accordance with the real agreement of the parties.

Equity will not enjoin the enforcement of a written instrument by restricting its operation in accordance with the real agreement of the parties, unless the mistake is established beyond a reasonable doubt.

APPEAL IN CHANCERY. Windsor County. Heard at Chambers on September 5, 1909, on the pleadings and master's report, *Hall*, Chancellor. Decree dismissing the bill with costs to the defendant. The orators appealed. The opinion sufficiently states the case.

*Fred C. Davis* and *Charles Batchelder* for the orators.

A court of equity will never permit one party to take advantage and enjoy the benefit of ignorance or mistake of law on the part of another, which he knew of and did not correct. Pom. Eq. Jur. 847; *Merchant's Farmer's Bank* v. *Cleland*, 77 S. W.

176; *Freeman* v. *Curtis,* 51 Me. 140, 81 Am. Dec. 564; *Champlin* v. *Laytin,* 18 Wend. 407; *Kilmer* v. *Smith,* 77 N. Y. 226.

*William W. Stickney, John G. Sargent* and *Homer L. Skeels* for the defendant.

To enable a court of equity to reform a deéd on the ground of mistake the evidence showing the mistake must be strong and of a conclusive character, establishing the fact beyond a reasonable doubt. *Griswold* v. *Smith,* 10 Vt. 452; *Cleaveland* v. *Burton,* 11 Vt. 138; *Goodell* v. *Field,* 15 Vt. 448; *Preston* v. *Whitcomb,* 17 Vt. 183; *Shattuck* v. *Gay,* 45 Vt. 87; *Barry* v. *Harris,* 49 Vt. 392; *Fuller* v. *Knapp,* 82 Vt. 166.

To reform a deed for alleged fraud or mistake requires more than a bare preponderance of evidence. *Stroupe* v. *Bridger,* 90 N. W. 704; *Merchants Nat. Bank* v. *Murphy,* 101 N. Y. 441; *Reyer Wheel Co.* v. *Miller,* 20 Ky. Law Rep. 1831; *Mikiska* v. *Mikaska,* 90 Minn. 258; *Crookston Imp. Co.* v. *Marshall,* 47 Am. St. Rep. 612; *Fritz* v. *Fritz,* 102 N. W. 765. The evidence must be clear, unequivocal and satisfactory. *Chapman* v. *Dunwell,* 115 Iowa 553; *Baker* v. *Pullman Co.,* 134 Fed. 70; *Farwell* v. *Home Ins. Co.,* 136 Fed. 93; *Greene* v. *Stone,* 55 Am. St. Rep. 577. If the proofs are doubtful and unsatisfactory and if the mistake is not made entirely plain, equity will withhold relief. *Baltzer* v. *Ry. Co.,* 115 U. S. 645; *Shelburne* v. *Inchiquin,* 1 Bro. Ch. 338; *Henkle* v. *Royal Assurance Co.* 1 Ves. 317; *Gillespie* v. *Moon,* 2 Johns. Ch. 585; *Lyman* v. *United Ins. Co.* 2 Johns. Ch. 630; *Clapton* v. *Martin,* 11 Ala. 187; *Stockbridge* v. *Hudson Iron Co.* 107 Mass. 290. The master is unable to find a mutual mistake. To warrant reformation in the absence of fraud a mutual mistake must be found. Kerr on Fraud, 2nd Ed. 498; *Dimand* v. *Providence, etc. R. R. Co.* 5 R. I. 130.

WATSON, J. It was claimed by the orators before the master and their evidence tended to show that during the negotiations which led up to the sale of the farm, the defendant was fully informed of the sale of the standing soft wood trees to Walker, and bought the farm knowing all the facts regarding the ownership of the trees thus sold. On the other hand, the defendant claimed and his evidence tended to show that he had no knowl-

edge of such sale; that he bought the farm principally on account of said standing trees, and supposed they were conveyed to him by his deed until long after he paid for the farm. The master found by a fair preponderance of the evidence, but not beyond a reasonable doubt, that during the negotiations preceding the sale of the farm, the orators informed the defendant that the soft wood lumber thereon had been sold to Walker and was then owned by him or by those claiming under him; and that when defendant bought and paid for the farm he knew of the rights of Walker and his grantees in and to the soft wood trees thereon. These findings were not made to that degree of certainty required to warrant the reformation of a deed on the ground of mistake. The mistake must be established by evidence so strong and conclusive as to place it beyond reasonable doubt. The rule has been declared by this Court in many cases, the last of which is *Fuller* v. *Knapp,* 82 Vt. 166, 72 Atl. 688.

Facts properly found show that before the deed was delivered and the consideration paid the contents of the deed were known to both parties; and that in believing it unnecessary for any mention or reservation of the timber previously sold to be made in the deed, the orators acted under a mistake of law. The orators contend that this mistake was coupled with such inequitable conduct on the part of the defendant as to afford ample ground for the relief sought. The conduct upon which the orators here rely is, that the defendant, knowing of the conveyance of the timber to Walker, did not remind the orators of Walker's rights, before taking the deed. However the equities might be were the fact of such knowledge by the defendant at that time, other than constructive, shown by the record before us, it is enough to say that we have above held the finding in this respect without force, as not of that degree of certainty requisite to the nature of the case.

It is further argued that even though a reformation of the deed cannot be decreed upon the case presented, yet on the facts found the orators are entitled to a decree enjoining the defendant from further prosecuting his action at law; and that for this purpose knowledge by the defendant of the rights of Walker and his grantees is established to a sufficient certainty on a fair balance of the evidence.

The form of granting relief in a case of this nature is not material, except that is must be in conformity to the equities involved in the case, 34 Cyc. 993. In *Wilcox* v. *Lucas,* 121 Mass. 25, it is said that when the record shows such a mistake in a written instrument as entitles one party thereto to relief, a court of equity may restrict the operation of the instrument to what was actually understood and intended by the parties, either by reforming it, or by restraining the other party from availing himself of it beyond the mutual understanding and intention. And in *Bowen* v. *Thrall,* 28 Vt. 382, the deed involved being held not to be as intended by the parties, it is said a court of equity will protect the rights of the parties under the contract, and enforce it in the same manner, and to the same extent as if the deed had been drawn and executed as it should have been. There the decree of the chancellor perpetually enjoining the further prosecution of a suit at law was affirmed. The same form of decree was rendered in *Taylor* v. *Gilman,* 25 Vt. 411.

Whether the written instrument be corrected, or its enforcement restricted by injunction, to conform to the real agreement made by the parties, the effect is a reformation of the instrument, and the evidence showing the essential elements of the mistake must be of the same conclusive character.

*Decree affirmed and cause remanded.*