S. A. FIFE AND F. R. CHILD *v.* W. W. CATE AND ALMA A. CATE.

October Term, 1910.

Present:   ROWELL, C. J., MUNSON, WATSON, AND HASELTON, JJ.

Opinion filed November 5, 1910.

*Reformation of Instruments — Grounds — Mistake — Findings — Sufficiency—Degree of Proof Required—Presumptions in Favor of Decree.*

Reformation, unlike rescission and cancellation, leaves untouched the oral agreement that the written instrument is intended to evidence, and deals only with the writing itself; and so a party seeking to reform a written contract on the ground of mistake must establish a mistake in respect of the writing only, and must also show beyond a reasonable doubt the standard to which the writing can be reformed.

In a suit to reform a written contract on the ground of mistake, a finding beyond a reasonable doubt that the writing was intended by the parties thereto to mean a complete settlement of all their differences does not reach back to the oral agreement intended to be evidenced by the writing; and in the absence of a finding of that oral agreement beyond a reasonable doubt, the written contract will not be reformed.

In such case, a defendant who expressly requested the chancellor to report the measure of proof required by him as to the facts on whch he predicated the ultimate finding that the written contract should be reformed, and who excepted to the chancellor's refusal so to do, and insisted on appeal that the chancellor should have reported as requested, did not waive the question of certainty of the standard to which the writing should be reformed.

This Court on appeal from a decree reforming a written contract cannot presume that the lower court inferred from the facts found that the standard to which the writing should be reformed was established

beyond a reasonable doubt, where that court refused so to find, and there is no warrant for that inference in the facts certified up.

APPEAL IN CHANCERY. Heard on the pleadings and facts found by the Chancellor, at the June Term, 1909, Lamoille County, *Stanton*, Chancellor. Decree reforming the written contract in question and perpetually enjoining the prosecution of certain suits at law. The defendants appealed. The opinion states the case.

*R. M. Harvey, J. W. Redmond,* and *R. W. Hulburd* for the orators.

*Harry Shurtleff* and *B. E. Bullard* for the defendant.

ROWELL, C. J. This is a bill in chancery to reform a written contract of settlement of a long course of dealing between the orators and Cate in a lumber business, and for an injunction against the further prosecution of certain suits at law.

The written contract is dated January 27, 1905, the day the verbal agreement was made, and signed by the orators, parties of the first part, and Cate and wife, parties of the second part, about the 16th of February, 1905. The part of the written contract sought to be reformed is this: "And the parties of the first part further agree, jointly and severally, to relinquish any claim, right, or interest by way of mortgage or otherwise, that they or either of them have in or to any property, real or personal, or the proceeds thereof, that may have been sold or disposed of by the parties of the second part or either of them, previous to the date above mentioned."

The court below finds that it was the intention of both parties to the written contract that said clause should be inserted therein, and that it was inserted therein, for the sole purpose of carrying out the verbal stipulation to relieve Cate from any liability for having *wrongfully* disposed of certain property as the orators claimed he had. The court then goes on to say in its findings that in the matter of completing the settlement contract of January 27 as finally expressed when the written instrument was fully executed, there was a direct conflict of testimony in regard to the understanding of its meaning by the

orator Child and his solicitor and the defendant Cate and his solicitor, that is, as to their understanding of its exact meaning; but that, as he had already found, the verbal agreement made by the orators and the defendant Cate at Hyde Park on the 27th of January was, that it should be a settlement of all matters between the orators on one side and Cate and wife on the other side, and so he finds that the written contract when drawn by the defendant's solicitor and approved by Cate, as it was before signed, was intended and understood by them to be the same as the original verbal agreement made by the parties on the 27th of January; and so the court further finds beyond a reasonable doubt upon all the evidence in the case that said written contract was intended to mean by the parties thereto, a complete settlement of all matters and differences then pending between the orators and Cate and wife, and that said written contract should be reformed so as clearly and unmistakably to express that fact.

Now reformation, unlike rescission and cancellation, leaves untouched the verbal contract that the written instrument is intended to evidence, and deals only with the writing itself. And so the mistake must intervene between the two. Therefore, the party seeking reformation must establish a mistake in respect of the writing only. And not only that, he must also establish a standard to which the writing can be reformed, and that standard must be established beyond a reasonable doubt. *Fairbanks* v. *Harvey,* 83 Vt. 283, 75 Atl. 268.

Here the standard sought to be established is, that the verbal agreement of January 27 was, and was mutually intended to be, a full and complete settlement of all matters and differences then pending between the orators on one side and Cate and wife on the other side. But the fact is not found to the requisite degree of certainty, as it is not found beyond a reasonable doubt, and so it is no standard. And though it is found beyond a reasonable doubt that the written instrument sought to be reformed was intended by the parties thereto to mean a complete settlement of all such matters and differences, yet this certainty of finding does not reach back to the verbal agreement, but is confined to the written agreement solely.

It can not be said that the defendant waived this question

of certainty by not raising it below, for he expressly requested the chancellor to report the measure of proof required by him as to all facts upon which he predicated the ultimate conclusion that the contract should be reformed, and excepted to the refusal of the chancellor to comply therewith, and now insists that the chancellor should have complied therewith. *Dunshee* v. *Parmalee,* 19 Vt. 172; *Enright* v. *Amsden,* 70 Vt. 183.

Nor can we presume in favor of the decree that the court below inferred from the facts certified up that said finding in respect of a standard was beyond a reasonable doubt, for there was no warrant for such an inference, because the thing inferred must be virtually contained in that from which it is inferred, and certainty beyond a reasonable doubt is not virtually contained in certainty that is only preponderant, for the less can not contain the greater. And besides, it can hardly be presumed that the court inferred what it refused to find. It is more probable that it thought the degree of certainty found in respect of the writing itself was enough, not having in mind for the moment that the standard should be established to the same degree of certainty.

Thus it appears that upon the findings as they stand the orators are not entitled to reformation. But though their attention was called to this matter by the request and the exception of the defendant, so they could have applied below concerning it, which it does not appear they did; yet, the importance of the case is such that we think they ought, in justice, even now, to have an opportunity thus to apply, but only upon the testimony already in, and entirely at their own expense as to costs. Therefore, without considering the other questions involved, we send the case back for the purpose stated, and for that purpose only.

If the shortage pointed out is not remedied, let the bill be dismissed with costs here, and with or without costs below as may be there determined. If the shortage is remedied, let such a decree be entered as the law requires, from which, of course, the parties can appeal.

*Decree reversed and cause remanded, to be proceeded with accordingly.*