GEORGE C. AVERILL *v.* VERMONT VALLEY RAILROAD.

February Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed November 13, 1914.

*Equity—Bill—Relief—Prayer—Injunctions—Suit For—Pleading—Cross-bill—Jurisdiction—Title to Land—Suits at Law.*

Since under his prayer for general relief orator may have relief agreeable to the case made by the bill, the scope of the bill is to be determined, not by the special prayer for particular relief, but by the case stated.

A bill in equity alleging trespasses by defendant's servants on orator's land on two successive days and the institution of two separate suits at law therefor, and defendant's threatened repetition of the trespasses, which if continued would cause irreparable damage and be destructive of the substance of the inheritance, shows that orator is entitled to equitable relief.

Where a bill in equity alleged orator's ownership of designated land, and sought to restrain defendant's alleged continuing trespasses thereon, for which two separate suits at law had already been brought, defendant was properly allowed to maintain a cross-bill alleging that defendant owned the land in question, and seeking a

temporary and finally a perpetual injunction to stay those suits at law, and a mandatory injunction directing orator to remove from the land a retaining wall placed thereon by him, and damages.

Where a cross-bill in equity pertains solely to matters growing out of the original bill, defendant is not required to show any further ground of the court's jurisdiction.

Where a suit in equity is brought to restrain alleged continued trespasses to land, the title to which is in dispute, after suits at law had been brought for such alleged trespasses, the court of equity in its discretion may issue a temporary injunction and continue it in force for the time necessary to enable orator to establish his title at law and, if he does, then make the injunction perpetual, or the court may dismiss the bill and leave orator to his legal remedy, or may itself determine the title and, in a proper case, in its discretion, may direct an issue to be tried by jury.

APPEAL IN CHANCERY, Windham County. Heard at Chambers on December 26, 1913, on orator's demurrer to defendant's cross-bill. Demurrer sustained, cross-bill adjudged insufficient and dismissed with costs to orator. Defendant appealed.

The orator's bill alleges that he is now and for many years has been the owner of a certain piece or parcel of land in Brattleboro, described and bounded as follows: "On the north by a street called Harris Place; on the east by the west line of the defendant's railroad location, which line is easterly of a cement retaining wall; on the south by land of Francis Goodhue's estate; and on the west by Main Street in said town of Brattleboro"; that for, to wit, six years or more, the orator has been seised of said premises under a good and perfect title in fee simple, and has been in the actual, complete, and peaceable possession thereof, and this his predecessors in title have been in like possession of the premises since the organization of the town of Brattleboro; that defendant threatened to destroy a large portion of the orator's said property; further averring that on the third day of September, 1913, defendant sent thereupon eight men, and on the fourth day six men, who dug up, destroyed, and threw away a large amount of soil, dirt, and gravel there situate, of great value to the orator, etc.; that on each of the days named the orator brought his action in trespass against the defendant and its agents and servants who thus went upon said

premises and committed the trespasses as above described both of which suits are now pending; that defendant threatened to commit further and continual trespasses and depredations on said land, and unless defendant is restrained said trespasses and depredations will be repeated and cause the orator great, immediate, and irreparable damage, for which he has no adequate remedy at law, and will be obliged to bring a great multiplicity of suits. The prayer of the bill is for answer (not under oath); for a temporary injunction restraining defendant from committing further trespasses and depredations upon said property until said suits at law shall be tried and determined, and if the orator is successful therein, that the injunction be made perpetual; adding a general prayer for such other and further relief as to justice and equity shall appertain and to the court shall seem meet.

In its answer, defendant denies that the orator for many years has been or is the owner, or that for, to wit, six or more years he has been seised, under a good and perfect title in fee simple, of the land in question, the east line of which is easterly of said retaining wall or easterly of a line, to wit, sixty-five feet west of said wall; denies that during the same time the orator has been in the actual, complete, and peaceable possession of said land, or that his predecessors in title have been in such possession thereof since the organization of the town of Brattleboro; and avers that, except as recently interfered with by the orator, the defendant owns, possesses and controls, and for a long time past, to wit, fifty years, has owned, possessed, and controlled, in connection with the operation of its railroad, the said land, the westerly boundary of which is, to wit, sixty-five feet west of said retaining wall; denies that defendant has threatened to destroy any portion of the orator's property, or that on the third and fourth days of September, 1913, defendant sent men upon the orator's property, who dug up, destroyed, and threw away a large amount or any of the dirt, soil, and gravel there situate; and avers that prior to said third day of September, 1913, defendant notified the orator that unless he remove the said retaining wall and the earth, stones, etc., to the west thereof, which he had placed or caused to be placed upon defendant's said property, it should remove the same; that the orator took no steps looking to such removal, whereupon the defendant through its officers and agents entered upon said property and attempted to re-

move them, and the two suits in trespass were brought for its action in so doing; further averring that defendant intended, unless restrained, to remove from its land the said wall, earth, and stones, placed or caused to be placed thereon by the orator.

In further defence by way of cross-bill, defendant alleges that it is a railroad corporation owning, in possession of, operating, and controlling a certain railroad line extending from the northerly line of Bridge Street in Brattleboro to Bellows Falls; that it owns, possesses, and controls, and for a long time has owned, possessed, and controlled, except as recently interfered with by the orator, in connection with the operation of its said railroad, the piece of land in question, the westerly boundary of which is, to wit, sixty-five feet westerly of the cement retaining wall mentioned in the bill of complaint; that said land is adjacent to and bounded on its north, east, and south by other land owned, possessed, and controlled by the defendant, upon which are its tracks and the tracks of the West River Railroad Company, a lessee of the defendant, and all said land is within the recorded roadway of the Vermont Valley Railroad Company; that in 1871 or thereabouts defendant acquired all the railroad property of the Vermont Valley Railroad Company, including the aforesaid land; that within the past summer the orator, without the consent and against the protest of the defendant, constructed a solid concrete retaining wall on said land, and filled in westerly of said wall with great quantities of earth and stone; that said wall and filling will prevent defendant from using the land whereon they are placed and westerly thereof for railroad purposes, for which it was acquired, and will greatly impair the use of it by defendant easterly thereof for such purposes, and will embarrass and make dangerous the laying of additional tracks on defendant's land west of its present tracks, by reason of all which the defendant has suffered great and irreparable damage; that said suits at law were brought because of work defendant's servants were doing in attempting to remove said wall and filling from said land; and the defendant is without adequate remedy at law in the premises. The prayer of the cross-bill is for a temporary injunction restraining the prosecution of the suits at law pending this suit in equity, and that upon hearing the injunction be made perpetual; for an order and decree directing the orator to remove from said land the said wall and filling, and pay to defendant

such damages as have been caused by putting them thereon; and for general relief.

The orator's assigned grounds of demurrer to the cross-bill were as follows: (1) that defendant has a plain, adequate, and complete remedy at law for all matters set forth in the cross-bill; (2) that the cross-bill does not allege such facts as entitle the defendant to equitable relief prayed for; (3) that the sole issue is one of title to land to determine which suits at law are pending between the parties; (4) that all the trespasses by the orator alleged in the cross-bill have been fully completed and performed, and a court of equity is not the proper forum in which to assess damages therefor; (5) that the cross-bill is not consistent with the case made by the bill and answer.

*Chase & Chase* and *T. W. Moloney* for the orator.

The cross-bill is not germane to the purpose and scope of the original bill, and the demurrer should have been sustained. *May* v. *Armstrong*, 20 Am. Dec. 137; *Patterson* v. *Northern Trust Company*, 121 Am. St. Rep. 299; *Rutland* v. *Page et al.*, 24 Vt. 182; *Slason* v. *Wright*, 14 Vt. 210; *Doremus* v. *Patterson*, 62 Atl. 3; *Stonemetz Co.* v. *Brown Co.*, 46 Fed. 851; *Paine* v. *Sackett*, 54 Atl. 376; *Griffith* v. *Hilliard*, 64 Vt. 644; *Currier* v. *Rosebrook*, 48 Vt. 34; *Domestic Miss. Society* v. *Ells*, 68 Vt. 497; Story's Eq. Pl. 3rd ed. §629; *Griffin* v. *Fries*, 11 Am. St. Rep. 351; *Van Dyke* v. *Cole*, 81 Vt. 379.

*E. W. Lawrence* and *H. G. Barber* for the defendant.

Having invoked the aid of chancery, orator cannot be heard to deny its jurisdictions of a cross-bill pertaining solely to matters growing out of the original bill. *Barnes* v. *Dow*, 59 Vt. 530; *Stanton* v. *Embrey*; 93 U. S. 548; *Ins. Co.* v. *Brune's Assignee*, 96 U. S. 588; *Gordon* v. *Gilfoil*, 99 U. S. 168; *Hathaway* v. *Hagan*, 64 Vt. 135; *McMillan* v. *Richards*, 9 Cal. 419; Daniels' Chan. Pl. & Pr. §1549; Mitford's Pl. in Ch. 5th ed. 240; *Stratton* v. *Lyons*, 53 Vt. 641; *Newell* v. *Witcher*, 53 Vt. 589; *Heath* v. *Bank & Trust Co.*, 67 Vt. 301, 16 Cyc. 41-43.

WATSON, J. The orator's brief states as the particular ground urged by him against the propriety of the cross-bill,

that this suit in equity was brought for the sole purpose of aiding the suits at law by injunction, pending their determination.

The prayer of the original bill is for the specific relief by way of a temporary injunction restraining the defendant from committing further trespasses and depredations upon the orator's property until the suits at law are tried and determined, and thereafter, if those suits be decided in his favor, that the temporary injunction be made permanent; and for general relief.

Under his general prayer, the orator may have relief agreeable to the case made by the bill. *Danforth* v. *Smith,* 23 Vt. 247; *Eureka Marble Co.* v. *Windsor Mfg. Co.,* 47 Vt. 430; *Coffrin* v. *Cole,* 67 Vt. 226, 31 Atl. 313; *Western Union Tel. Co.* v. *Bullard,* 67 Vt. 272, 31 Atl. 286; *Van Dyke* v. *Cole,* 81 Vt. 379, 70 Atl. 593, 1103. The scope of the bill is therefore to be determined, not by the special prayer for particular relief, but by the case stated.

The bill alleges that the ownership of the land described for many years has been and now is complete in the orator in fee simple, and that he and his predecessors in title have been in the actual, complete, and peaceable possession thereof since the organization of the town of Brattleboro; that the defendant threatened to destroy a large portion of said property, and on the two successive days named sent thereupon eight and six men respectively, who dug up, destroyed, and threw away a large amount of soil, dirt, and gravel there situate, of the value to the orator of the sum specified; that on each of said days the orator brought a suit in trespass against the defendant and its agents and servants for the trespasses thus committed on that day, which suits are now pending; that defendant threatened to commit further and continual trespasses and depredations on said land, and unless restrained from so doing it will repeat the said trespasses and depredations and cause the orator great, immediate, and irreparable damage for which he has no adequate remedy at law; by reason whereof he will be obliged to bring a great multiplicity of suits. Thus the allegations of the bill show such trespasses upon the orator's land on two successive days by defendant, and threatened repetition thereof, as cause irreparable mischief, and is destructive of the substance of the inheritance. Under such circumstances, the owner of the property may come into a court of equity for relief. *Smith* v. *Rock,* 59 Vt. 232, 9 Atl. 551; *Griffith* v. *Hilliard,* 64 Vt. 643, 25 Atl. 427.

The cross-bill touches the matters in question in the original bill, and it is brought so that full relief to all the parties may be had.   Therein defendant seeks a temporary and finally a perpetual injunction to stay the proceedings at law, a mandatory injunction directing the orator to remove, from the land in dispute, the retaining wall and the filling of dirt and stones, placed or caused to be placed thereon by him, also to pay damages resulting therefrom; adding a prayer of general relief. A proper case for a cross-bill is shown by the allegations therein, (*Slason* v. *Wright*, 14 Vt. 208; *Rutland* v. *Page*, 24 Vt. 181; *Van Dyke* v. *Cole*, cited above,) and without a cross-bill affirmative relief to the defendant cannot be had.   *Ward* v. *Seymour*, 51 Vt. 320; *Blake* v. *Langdon*, 19 Vt. 485, 47 Am. Dec. 701; *Haskin* v. *Haskin*, 55 Vt. 263.   The orator says, however, that the title to the land is in controversy in the suits at law, but not in his bill in equity; that when the cross-bill seeks to bring in question the title to land it goes beyond its proper function and introduces new matter which makes it an original bill, and since as an original bill it could not be sustained because a court of law affords an adequate remedy, the cross-bill is demurrable.   Yet the orator by the allegations of his bill, as seen, bases his right of relief upon his title to the land, which title is denied by the defendant in its answer and its own title thereto alleged.   The defence by way of cross-bill is not different in this respect; but the defendant's title and possession are therein alleged, also the putting of the retaining wall and the filling on the land, by the orator, to the irreparable injury of the defendant, and praying for affirmative relief, thereby making the form of the defence such as will permit a complete determination of the matter already in litigation in the court of equity.

Concerning the orator's position that when title to land is in question an adequate remedy may be had in a court of law, we might content ourselves by saying that since the cross-bill pertains solely to matters growing out of the original bill, the defendant is not obliged to show any ground of equity to support the jurisdiction of the court.   Mitf. Eq. Pl. by Tyler, 179; 3 Dan. Ch. Pr. (2d Am. Ed.) 1810; Story's Eq. Pl. §399.   But we do not stop here; for as this Court has before said, "When it appears that the title is in dispute, the court may, in its discretion, issue a temporary injunction and continue it in force for such time as may be necessary to enable the orator to es-

tablish his title in a court of law, and may make the injunction perpetual when the orator has thus established his title; or the court may proceed and determine which party has the better title; or it may dismiss the bill and leave the orator to his legal remedy." *Griffith* v. *Hilliard*, cited above. And in a proper case, a court of equity may, in its discretion, direct an issue to be tried by a jury. Dan. Ch. Pr. 1285.*

*Decree reversed, demurrer overruled, cross-bill adjudged sufficient, and cause remanded to be proceeded in.*