CHARLES W. HITCHCOCK *v.* GEORGE KENNISON.

February Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, JJ.,
and FISH and CHASE, Supr. JJ.

Opinion filed October 4, 1921.

*Decree Unsupported by Findings Prejudicial Error—Ground of
Exception to Master's Report Must Be Stated Below—Re-
formation of Deeds—Reformation Awarded Either for Mis-
take or Fraud—Findings As to Necessary Measure of Proof
—Relief on Ground not Stated in Bill—Supreme Court Sits
As Court of Error Only in Chancery Cases—Presumptions
in Favor of Decree—Only Necessary Inferences Against
Decree.*

1. In a suit to reform a deed for mistake, and for an injunction to
   restrain defendant from prosecuting an action at law on the
   covenants of the deed, where the master failed to find that the
   plaintiff was entitled to relief in reference to the covenant
   against incumbrances, but found that, at the time of the sale,
   plaintiff said nothing to defendant with relation to a mortgage
   on the premises, and that the latter had no knowledge of it, it
   was error to decree a reformation of the deed in accordance
   with the prayer of the bill in this regard, and an injunction
   restraining defendant from asserting any claim for damages
   for breach of the covenant against incumbrances.

2. Such error could not be deemed immaterial on the ground that de-
   fendant's suit at law had been discontinued, since it is probable
   that it was discontinued because of plaintiff's death and the
   appointment of commissioners, and, under G. L. 3305, defend-
   ant would be entitled to present a claim against his estate for
   costs, if only for nominal damages, which he is restrained from
   doing by the decree appealed from.

3. Exceptions to a master's findings that do not clearly present the
   questions attempted to be raised will not be considered on re-
   view.

4. Equity will afford relief in a suit to reform a deed for mistake
   where the findings show either a mutual mistake, or a mistake

on the part of the plaintiff to which the fraud of the defend-
ant contributed.

5.  In such a suit it is not essential that a master use the words "be-
yond a reasonable doubt" in referring to the degree of cer-
tainty with which he makes his findings; it being sufficient if
it appears that the issue is sustained by that measure of proof,
whatever the expression may be.

6.  A plaintiff may have relief in a court of equity, where the facts
found present a case entitling him thereto, although not sup-
ported by the allegations in the bill, but he must ask to amend
the, bill to conform to the facts found.

7.  In chancery appeals the Supreme Court sits as a court of error
only.

8.  In a chancery appeal the Court is bound to make every reasonable
intendment in support of the decree.

9.  It will be assumed on appeal that the chancellor inferred from the
facts found any fact fairly inferable therefrom and necessary
to support the decree, but it will not be assumed, for the pur-
pose of a reversal, that the court below drew any inference not
affirmatively shown by the record, unless the same is a neces-
sary inference from the facts found.

10.  Since the facts reported do not show the plaintiff negligent as
matter of law, the Court cannot supply that fact by inference
for the purpose of a reversal.

APPEAL IN CHANCERY.   Bill to reform a deed on the ground
of mistake and for an injunction to restrain the defendant from
prosecuting an action at law on the covenants of the deed.
Heard on the pleadings and a special master's report at the Sep-
tember Term, 1909, Orleans County, *Hall*, Chancellor.   Decree
for the plaintiff in accordance with the prayer of the bill.   The
defendant appealed.   The opinion states the case.

*Frank D. Thompson* and *Frank S. Rogers* for the defendant.

*O. S. Annis* and *Searles & Graves* for the plaintiff.

TAYLOR, J.   The bill is brought to reform a deed from the
plaintiff to the defendant and for an injunction to restrain the
defendant from prosecuting an action at law on the covenants of
the deed.   The cause was heard in the lower court on the plead-

ings and the report of a special master. The plaintiff had a decree in accordance with the prayer of the bill, and the defendant appeals.

The plaintiff acquired the premises in question April 30, 1886, from I. D. and Orphia Bean. They consisted of a house, barn, and about forty-nine acres of land. In November, 1887, by warranty deed the plaintiff conveyed the house and one-half acre of land (called in the master's report the half-acre piece) to Burton Kennison, a brother of the defendant, who held the title and lived there for about seven and one-half years. The half-acre piece was conveyed to one Besaw in August, 1897, who, in turn conveyed the same to Moses Kennison, the father of the defendant, in December, 1899. On December 11, 1895, the plaintiff executed a mortgage of the entire premises conveyed to him by the Beans, with certain other real estate, to one Macomber to secure a debt of $1,100; and on January 22, 1900, by deed with full covenants of warranty, he conveyed to the defendant the same premises described in his deed from the Beans, excepting neither the half-acre piece nor the Macomber mortgage, which remained a lawful incumbrance on the premises so far as concerned the interests of the plaintiff and defendant. January 10, 1902, the defendant brought his action against the plaintiff for breach of warranty in respect of the Macomber mortgage and the conveyance of the half-acre piece to Burton Kennison. It is to reform the deed in these respects that this bill was then brought. January 23, 1902, the plaintiff procured a discharge of the Macomber mortgage, which was duly executed, but has never been recorded. The master finds that, so far as appeared, the defendant had no knowledge of the discharge, other than what appears in the bill, until some time during the hearing.

The plaintiff bases his claim for relief upon the ground of mistake, and claims that shortly before the deed to the defendant was executed and delivered he bargained with the defendant to sell and convey to him all of the premises described in plaintiff's deed from the Beans, except the half-acre piece previously sold to Burton Kennison, for the sum of $850; that the defendant was to pay $100 in cash and the balance in annual installments of $50 and interest, secured by mortgage back on the premises; that it was then fully understood that the Macomber mortgage was a lien on the premises, and it was agreed that the incumbrance was to remain, and as fast as the defendant paid his mortgage notes,

the plaintiff was to apply the payments to reduce the Macomber mortgage, and when the defendant's mortgage was satisfied the plaintiff would have the premises released from the mortgage to Macomber.   It is left to be inferred that the defendant failed to meet the payments on his mortgage.   The decree is "in accordance with the prayer of the bill," which asks, among other things, that the defendant be enjoined from prosecuting his action on the covenants of his deed, and from bringing any other action thereon, or from setting up any defences on account thereof "to the foreclosure suit now brought" by the plaintiff.

[1, 2]   The master failed to find that the plaintiff was entitled to relief in reference to the covenant against incumbrances, but found that nothing was said by the plaintiff to the defendant with relation to the Macomber mortgage and that the defendant had no knowledge of it.   In the circumstances, it was clearly error to decree a reformation of the deed in accordance with the prayer of the bill in this regard, and an injunction restraining the defendant from asserting any claim for damages for breach of the covenant against incumbrances.   All that the plaintiff says in his brief in respect of this matter is that the error, if any, is immaterial, and should not affect the result of this suit, particularly since the suit at law has since been discontinued.   The record is silent as to a discontinuance.   However, the docket entries in this case show the death of the plaintiff suggested, and that the case is now being prosecuted by his administrator.   It is entirely probable that the action at law was discontinued by the appointment of commissioners, in which case the defendant would be entitled to present a claim for costs, if only for nominal damages.   G. L. 3305.   This, the defendant is restrained from doing by the decree appealed from.   It follows that the decree on this branch of the case cannot be sustained on any equitable ground.

The principal question on the trial below and the hearing here is whether the plaintiff is entitled to relief on account of the half-acre piece.   As to this, the master finds in his original report in substance as follows:  Before the Beans bought the premises later conveyed to the plaintiff they were known as the "Bertrand farm" or "Bertrand place", and after the sale of the half-acre piece by the plaintiff, people in that vicinity who knew of the sale referred to the remainder of the premises by the same name.   The negotiations between the plaintiff and defendant oc-

curred about a week before the deed was executed. The subject of the trade was introduced by the plaintiff, who asked the defendant why he did not buy the Bertrand place. After some negotiations the terms were agreed upon and a day appointed for making the papers. In these negotiations nothing was said about the house and half-acre of land. For reasons stated in detail, the master reported that he was thoroughly convinced that at the time of the oral contract, the defendant must have known that the term, "The Bertrand place", did not include the half-acre piece. On the day the deed was executed the plaintiff and defendant went to the office of the town clerk of Troy, when the plaintiff produced his deed from the Beans and told the clerk to make a deed and mortgage from that. In accordance with this instruction, the clerk made a deed from the plaintiff to defendant, following the description in the Bean deed, and a mortgage back on the premises from the defendant to the plaintiff. Before their execution, the deed and mortgage were read over to the parties, and neither expressed any dissatisfaction with the papers as drawn. Nothing was said by any one on this occasion about the half-acre piece. The plaintiff then knew, or ought to have known, that the house and half-acre of land were included in the Bean deed. Knowing that he had deeded the half-acre piece years before, not being experienced in conveyancing, and relying upon the town clerk to make such a deed as would convey just what he had sold to the defendant, the plaintiff did not notice or understand that the half-acre piece was included. In this connection, the master reports that no fraud was practiced by either party upon the other.

Upon the cause being recommitted to the master for further findings, no additional testimony was offered, but counsel were fully heard in argument on the questions submitted. Thereupon, "after a careful consideration of the evidence" the master reported: "I am well satisfied and find that in the purchase made by the defendant of the orator the defendant knew and understood that it did not include the half-acre piece"; and further: "From all the evidence I am thoroughly convinced that the one-half acre piece was included in the deed by mistake of the orator, and either by the mistake of the defendant or by his fraud in knowing it was included, and not making it known to the orator, who he knew did not suppose it was included, and I am unable to say which by measure of proof required in this sort of a case."

[3]    The defendant filed exceptions to both of the additional findings.    No ground of exception was specified.    His attempt now to challenge these findings as unsupported comes too late. To save the question for review, the ground of exception must be specified below.    Chancery Rule 39; *Randall* v. *Moody,* 87 Vt. 68, 73, 88 Atl. 321; *Fife & Child* v. *Cate,* 85 Vt. 418, 428,· 82 Atl. 741.    The rule in chancery is the same as at law.    Exceptions that do not clearly present the questions attempted to be raised will not be considered on review.    *Newton* v. *American Car Sprinkler· Co.,* 88 Vt. 487, 494, 92 Atl. 831.    The defendant relies upon *Enright* v. *Amsden,* 70 Vt. 183, 40 Atl. 37, in support of the claim that the objection could be first made in this Court.    It was held in that case that as the particular objection was one that could not be obviated, it could be made for the first time in this Court; but it does not support the defendant's position.    The question there did not arise on exceptions to findings; and, besides, it is by no means certain that the objection here could not have been obviated, if seasonably made.

[4]    We come to the question whether the findings support the decree so far as it relates to the half-acre piece.    As a whole, the findings make a case for relief.    Both the plaintiff and defendant knew it was not included in the premises offered for sale. The deed subsequently executed did not express the true understanding of the parties.    The master was unable to say beyond a reasonable doubt whether the mistake was mutual, but that does not leave the plaintiff without remedy.    The necessary inference is that neither understood that the deed was to include more than had been bargained for, and the defendant could not honestly have intended that the half-acre piece should be included.    Such an intention, secretly entertained, would give the defendant no standing in a court of equity.    He knew that the plaintiff did not suppose the half-acre piece was included; and if he was aware of the mistake, his conduct in remaining silent was manifestly fraudulent.    The findings show either a mutual mistake or a mistake on the part of the plaintiff to which the fraud of the defendant contributed.    In either case equity will not hesitate to afford relief.    *New York Life Ins. Co.* v. *Kimball,* 93 Vt. 147, 153, 106 Atl. 676; *Churchill* v. *Capen,* 84 Vt. 104, 78 Atl. 734.

[5]    The defendant contends that certain findings, particularly that as to his knowledge, are not reported as made with sufficient certainty.    The rule is well settled that equity will not

correct a mistake in a written instrument except on clear and undoubted testimony, and it is generally said that the court must be satisfied "beyond a reasonable doubt" that a mistake has been committed. *Abbott* v. *Flint's Admr.*, 78 Vt. 274, 277, 62 Atl. 721. Where the case is referred to a special master to find and report the facts, he is to be governed by this rule as to the measure of proof. But it does not follow that his findings are exceptionable if he does not use the formula "beyond a reasonable doubt" in referring to the degree of certainty with which he makes his findings, although it might be well to adopt that form of expression to avoid controversy. It is enough, if it appears that the issue is sustained by that measure of proof, whatever the expression may be. *Earle's Admr.* v. *Blanchard*, 85 Vt. 288, 291, 81 Atl. 913. The master uses the expressions, "thoroughly convinced" and "well satisfied", and at the same time reports that he is unable to say by the measure of proof required in such a case whether the error occurred through mistake or through fraud on the part of the defendant. There being no middle ground between mere preponderance of evidence and the exclusion of reasonable doubt (*Earle's Admr.* v. *Blanchard, supra*), it is clear that the master had in mind the correct rule in arriving at his findings. We need say no more with reference to the measure of proof. Indeed, the record did not require us to take notice of the question. There was no exception to the report on the ground that it did not appear that the master had reached his findings with the requisite degree of certainty, without which the question is not open to review. *Howard* v. *Scott*, 50 Vt. 48. See *Fife & Child* v. *Cate*, 84 Vt. 45, 77 Atl. 947.

[6]   The point is made that the question of fraud is not in the case, there being no allegation in the bill of fraud, bad faith, or inequitable conduct on the part of the defendant, and the master having found that no fraud was practiced upon the plaintiff by the defendant. There is no foundation for the claim that the findings in the original report respecting fraud controls. It can be harmonized with the finding in the supplemental report, if construed as meaning *actual* or *positive* fraud, arising from imposition, as distinguished from *constructive* fraud. Bouvier's Law Dict.; Webster's New International Dict. But in any event, in the circumstances, the later finding in point of time would control, if they are deemed to be inconsistent. However, the position is well taken that the bill proceeds upon the theory of

mutual mistake; but that does not present an insurmountable difficulty. A plaintiff may have relief in a court of equity where the facts found present a case entitling him thereto, although the bill alleges a different right than that shown by the report. But he must ask to amend the bill, for he cannot recover upon a case not made thereby. *Olmstead* v. *Abbott,* 61 Vt. 281, 289, 18 Atl. 315; *North Troy School District* v. *Town of Troy,* 80 Vt. 16, 66 Atl. 1033; *Jones' Admx.* v. *Williams,* 94 Vt. 175, 109 Atl. 803.

[7-10]   The point is also made that the mistake was due solely to the plaintiff's negligence, which would disentitle him to the relief; but negligence contributing to. the mistake is not expressly found, and such negligence as would defeat reformation is not necessarily to be inferred from the circumstances reported. It should be remembered that in chancery appeals this Court sits in error only. *Alfred* v. *Alfred,* 87 Vt. 542, 90 Atl. 580. We are bound to make every reasonable intendment in support of the decree. *Vermont Marble Co.* v. *Eastman,* 91 Vt. 425, 456, 101 Atl. 151. It will be assumed on appeal that the chancellor inferred from the facts found any fact fairly inferable therefrom and necessary to support the decree (*Poronto* v. *Sinnott,* 89 Vt. 479, 95 Atl. 647; *Thomas* v. *Graves,* 89 Vt. 339, 341, 95 Atl. 643); but it will not be assumed, for the purposes of a reversal, that the court below drew any inference not affirmatively shown by the record, unless the same is a necessary inference from the facts found. *Plumley's Admr.* v. *Plumley,* 84 Vt. 286, 79 Atl. 45; *Whitehead* v. *Whitehead,* 84 Vt. 321, 79 Atl. 516; *Adams* v. *Ladeau,* 84 Vt. 460, 79 Atl. 996. As the facts reported do not show the plaintiff negligent as matter of law, this Court cannot supply the fact by inference. *Abbott* v. *Camp,* 23 Vt. 650. So it is that the decree under review is unaffected by the question of plaintiff's negligence.

It follows that, with proper amendment of the bill, the decree so far as it relates to the half-acre piece should be affirmed. The bill and prayer for relief are so framed that the decree involves the right of the defendant to maintain a claim for breach of covenant in respect of a spring of water on the premises bargained to him by the plaintiff. But the defendant does not brief this question, so we have no occasion to consider it.

*Decree reversed, and cause remanded with leave to plaintiff to apply to amend the bill in the particulars referred to in the opinion. When so amended, let the plaintiff have decree in accordance with the views therein expressed. Let the defendant recover costs in this Court, the costs below to be there determined.*