EDMOND M. PENNOCK ET UX. *v.* CLAIR D. GOODRICH ET UX.

November Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed May 8, 1929.

*Novak, Bloomer & Spero* for the plaintiffs.

*Jones & Jones & Charles L. Howe* for the defendants.

WATSON, C. J. This is an action in equity, in which the facts were found and filed by the chancellor. On the facts thus of record, the plaintiffs' bill was dismissed with costs. From this order and decree plaintiffs appealed, and thereon the case is here for review.

In their brief, plaintiffs say the case resolves itself into four issues: (1) Shall the previous decree bind all parties, including the co-defendants? (2) Shall knowledge of the

road by defendants bind them in equity? (3) Shall a way of necessity release the plaintiffs from liability? (4) Are the findings and refusals to find substantiated by the evidence?

Defendants claim in their brief that there is only one issue in this case, and that issue is: Was the reservation or exception of a right of way omitted by mistake from the deed of December 10, 1918 (Defendants' Exhibit A) at the time it was executed, and if so should that deed be reformed and corrected to include such reservation or exception.

We think defendants' claim in this respect, is borne out by the bill and answer in the case, and we treat the case accordingly.

It appears from the findings that on June 18, 1918, the plaintiffs were the owners of certain lands and premises located in the town of Rutland, which lands were known as the Capron Farm and the Howard Lot; that the Capron Farm is adjacent to and borders on the "Post Road," so-called, and the Howard Lot is located in the rear of the Capron Farm; that on June 18, 1918, the Pennocks entered into a written contract or agreement for a deed with one Henry Peryea under the terms of which the Pennocks agreed to sell and Peryea to buy the Howard Lot, and Peryea went into possession thereof; that said agreement contained the following provision: "The party of the second part is to have the right of way across other premises of the parties of the first part at reasonable and proper times." This agreement for a deed was duly recorded in the town of Rutland prior to the conveyance of the Capron Farm by the Pennocks to the Goodriches as hereinafter stated. There was no highway which borders on the Howard Lot.

The Pennocks retained title to and possession of the Capron Farm until December 10, 1918, when they conveyed it to Clair D. Goodrich and Eva I. Goodrich, his wife.

There is an old and more or less distinct roadway leading across the Capron Farm to the Howard Lot. This roadway was used by Mr. Pennock when he had title to both parcels, and the apparent age of the roadway indicates that it was used by his predecessors in title. There is no right of way appurtenant to the Howard Lot across the land of others adjacent to that lot, exclusive of the Capron Farm and leading to the "Post Road."

In the early part of 1919, the Goodriches prevented Peryea from crossing the Capron Farm to get to the Howard Lot.

Their action in so doing was subsequently held unlawful in the chancery action brought on January 23, 1925, by Peryea by way of a bill of complaint against the Pennocks and the Goodriches, being the plaintiffs and defendants in the present suit.

Therein Peryea alleged, among other things, that he had and owned the right of way over the Capron Farm leading from the Howard Lot to the highway, in accordance with his contract with the Pennocks and that he had been unlawfully and unjustly prohibited from using the same; that Clair D. Goodrich and Eva I. Goodrich, well-knowing of the right of Peryea to the right of way over and across the Capron Farm, had denied to Peryea the right to use the same, had prevented his use thereof, and that by reason thereof Peryea had been obliged to and had acquired at great expense another right of way over and across the lands of other parties to the great damage of Peryea.

That chancery suit being heard before and the facts found by the chancellor, a final decree was rendered therein in February, 1926, which final decree was not appealed from and has never been annulled, revised, or set aside, and now remains in full force and effect.

By said final decree, defendants Pennocks, were ordered to convey the Howard Lot to the plaintiff therein; and it was further ordered, adjudged, and decreed, that Clair D. and Eva I. Goodrich be and they thereby were ordered to assign, transfer, and convey to Peryea on or before February 15, 1926, by a proper deed of conveyance, the right of way mentioned in said contract (Exhibit A), and that the said Clair D. Goodrich and Eva I. Goodrich forthwith pay or cause to be paid a certain sum of money as stated therein as damages. It appears that the Goodriches have complied with this decree.

■ Peryea's right to said right of way across the Capron Farm to the Howard Lot in accordance with the provisions of said agreement (Exhibit A), was settled beyond question in his favor as against the Pennocks and the Goodriches, defendants in that action, by the final decree therein unappealed from, and which became absolute. But the Pennocks now contend that said decree was also conclusive in their favor as against any liability by them to the Goodriches in the latter's action at law for alleged covenant broken by reason of there being no reservation of said right of way in the warranty deed from the former to the latter, of the Capron Farm. Such liability, how-

72

ever, was not an issue in the case made by the bill and answers. In those circumstances, if the Pennocks desired to have the affirmative question now urged by them in the present suit, namely, the amendment of their deed above mentioned by inserting therein the reservation of the said right of way to Peryea as per his right thereto under the aforesaid agreement, or as a way of necessity, both now claimed by the Pennocks to have been within the knowledge and understanding of the Goodriches when they took their deed of the Capron Farm, and which deed they took subject thereto, they should have presented the matter specifically in connection with that case by way of a cross-bill, without which such relief could not there be had. *Ward* v. *Seymour,* 51 Vt. 320; *Haskin* v. *Haskin,* 55 Vt. 263; *Averhill* v. *Vermont Valley R. R.,* 88 Vt. 293, 92 Atl. 220. It necessarily follows that the findings of fact and the decree in the former case of *Peryea* v. *Pennocks and Goodriches,* although binding as between the parties thereto, are not determinative in the present case, which is between the defendants to the former action, and to which Peryea is not a party, and there was no error in their exclusion as evidence. *Fife* v. *Cate,* 85 Vt. 418, 82 Atl. 741.

Plaintiffs excepted to the finding that the relief by injunction prayed for could not be granted unless the facts were such as would warrant the sought reformation of the deed. This was true as applied to the case before the court, for reformation of the deed was the only relief sought by the allegations in the bill, and such relief could be had only when a case therefor was established beyond a reasonable doubt. *Fife* v. *Cate, supra; Fuller* v. *Knapp,* 82 Vt. 166, 72 Atl. 688; *Fairbanks* v. *Harvey,* 83 Vt. 283, 75 Atl. 268.

As the case now stands upon the record, no error appears and the decree would need be affirmed; but we think the controversy between the parties should be determined on equitable principles. To this end, the decree will be reversed *pro forma* and cause remanded with leave to the plaintiffs to apply for permission so to amend their bill as to enable them to have their rights, if any such they have against the defendants, on the basis of a right of way by necessity, or by an implied covenant in the deed from the plaintiffs to the defendants of the Capron Farm, reserving said right of way over said Capron Farm for the benefit of said Howard Lot according to the rights of the

owner thereof as now held or possessed by him. *Connecticut Gen. Life Ins. Co.* v. *Chase,* 72 Vt. 176, 47 Atl. 825, 53 L. R. A. 510. Should no such application be made by plaintiffs within a reasonable time, the chancellor will affirm the decree with costs.

CHASE, J., sat at the hearing of this case but, having resigned from this Bench, took no part in the decision.