## Timothy C. Knight v. Solomon G. Heaton.

If land within the surveyed limits of a public highway be inclosed by an individual and occupied by him constantly for more than twenty years, under a claim of right, he will acquire a prescriptive right to the land so occupied, as against the public, and can maintain trespass against the selectmen of the town, who remove his fence to the original line of the highway.

Trespass *quare clausum fregit*. The case was referred under a rule from the county court, and the referee reported the facts as follows.

The selectmen of Thetford, in 1819, laid out and surveyed a public highway in Thetford, three rods in width, which was opened for public travel in 1820, and has ever since continued to be an open public highway; but the road was so fenced, as to leave less than three rods in width between the fences, and so continued most of the time until 1845, when the selectmen of Thetford directed the plaintiff, in writing, to remove his fence to the easterly line of the

Knight *v.* Heaton.

highway, as originally surveyed, and the plaintiff promised to do so, but did not. In 1846 the selectmen gave verbal notice to the plaintiff to remove his fence and he again agreed, that he would do so, but did not. In the spring of 1847 the plaintiff was again notified by the selectmen to remove the fence, and he refused to do so. And the defendant, who was one of the selectmen, then removed the fence to the easterly line of the highway,—which was the trespass complained of in the declaration. The fence, for more than twenty years previous to its removal by the defendant, had remained in the place from which it was removed, which was within the limits of the highway, and the defendant had continued in possession of the land to the fence during all that time. The original survey of the highway was duly recorded, and the record preserved; and the original limits of the highway could be and were accurately ascertained. Upon these facts the referee submitted to the court the question, whether, in law, the plaintiff was entitled to recover, and assessed the plaintiff's damages at forty dollars.

The county court, June Term, 1849,—REDFIELD, J., presiding, rendered judgment for the plaintiff upon the report. Exceptions by defendant.

*A. Howard, Jr.*, and *Hebard & Martin* for defendant.

There was no laying out, making, or altering this highway, by the defendant, as contemplated by Rev. St. c. 20, § 6; nor was there any laying out and opening of the highway wider than it was originally laid out in 1819, as provided by Rev. St. c. 20, § 7. Sec. 8 provides, that " where the survey of any highway previously laid out shall not have been properly recorded, or the record preserved, or where for any reason the terminations and boundaries of such highway cannot be accurately ascertained, the selectmen may resurvey such highway," &c. How, then, could the selectmen remove the plaintiff's fence out of the highway. They could not do it under sec. 7, because the highway had been laid out as wide, as the present law or public convenience requires. It could not be done under sec. 8, because the survey was duly recorded and preserved, and the termination and boundaries could be accurately ascertained from survey. The Rev. St. c. 21, § 35, amended by the

statute of November 15, 1847, [Acts of 1847, p. 21,] provides, " that if any person shall enclose any part of the highway, or erect any fence " &c., " in such highway, or shall continue any such enclosure, fence " &c., " the selectmen may, by their order, require such person to remove such fence " &c., " within such convenient time as they shall think reasonable." The case finds, that the selectmen did make the proper order ; and they were fully authorized, by this statute, to remove the fence.

The plaintiff cannot hold the land by possession, it having been dedicated to the public use. Sl. St. 289, sec. 6. Rev. St. c. 58, §§ 1–4. *State* v. *Trask*, 6 Vt. 355. *Univ. of Vt.* v. *Reynolds*, 3 Vt. 543. The plaintiff's possession was not adverse to the public ; he admitted, that his fence was in the highway, and promised to remove it.

*S. Austin* for plaintiff.

The plaintiff contends, that the defendant had no authority, under the Rev. St. chap. 21, sec. 35, to remove the fence, although it stood within the surveyed limits of the highway, for the reason, that the fence had remained there for more than twenty years. In order to give the town a right to the land enclosed, they must have caused the damages to be appraised and paid to the plaintiff, as for a new laying out of a highway. Rev. St. c. 20, § 8.

The opinion of the court was delivered by

Redfield, J. Upon two grounds it seems to us, the plaintiff is entitled to be quieted in his possession of more than twenty years, against a re-survey of the adjoining highway, even against the rights of the public, notwithstanding *nullum tempus occurrit regi.*

1. Such a long possession is the most conclusive evidence of what was, at the date of the survey, considered its true location, as a long possession under a deed is the most satisfactory evidence of the true location of the thing granted. 2. If it could now be shown, beyond all controversy, that the survey extended as far upon the plaintiff, as is now claimed, *the non user* on the part of the public and the constant use by the plaintiff, under a claim of right, is sufficient to establish a prescriptive right, in that class of cases, like the present,

Knight *v.* Heaton.

where no statute of limitations applies. *Moore* v. *Rawson*, 3 B. & C., 332. Dowl. & R. 234. Gale & Whately on Easements 256. 2 Greenl. Cruise 214.

But it is said, I know, in the English books upon this subject, that one cannot prescribe against the crown. But the same result is attained, in that class of cases, by presuming a grant. 3 Stark. Ev. 915. In *Johnson* v. *Ireland*, 11 East 279, Lord ELLENBOROUGH, in giving judgment, says, a new trial should be awarded, because the judge at the trial told the jury, they could not presume a grant against the crown. That was a somewhat longer period, than is shown in the present case. But changes are now so much more frequent than formerly, in regard to the occupancy or the title to lands, that *ninety* years then did not afford more satisfactory evidence of title, than thirty years uninterrupted possession does now. In many of the newer states five years is the ordinary term of limitations of real actions. And one ought not to be surprised, perhaps, that even that term should some day be very essentially abridged. And Lord ELLENBOROUGH then said, " I would presume any thing, " capable of being presumed, in order to support an enjoyment for " so long a period ; as Lord KENYON once said, on a similar occa- " sion, that he would not only presume one but one hundred grants, " if necessary to support so long an enjoyment." *Crimes* v. *Smith* and *Beedle & Beard's Case*, 12 Co. 4, are cases of grants presumed against the crown, as the acknowledged head of the establishment of the Church in England. Many American cases might be cited, where the same principle is recognized. *Mather* v. *Trinity Church*, 3 Serg. & R. 509.

It is every day's practice, to presume a dedication of land to the public use from an acquiescence of the owner in such use. And in practice it was never doubted, but that the right of the public to a highway might be lost by fifteen years disuse, and, under circumstances, by a much less period. And we see no reason, why the limits of a highway should not be fixed by the same lapse of time. The sense of the legislature upon this subject is sufficiently indicated by a recent statute, by which it is expressly provided, that, in such cases as the present, the proprietor or occupier of land for twenty years, which was originally a portion of the highway, when

the same is again reclaimed by the public, shall be entitled to compensation, the same as in other cases.

The statutes of limitation now in express terms providing that the state shall not be exempt from its operation, we see no good reason, why one may not set up prescriptive and presumptive rights against the public, the same as against individuals. And there is, perhaps, no good reason, why such prescriptions should not apply as well against the public, as in their favor.

Judgment affirmed.