LAURA F. and IRA F. ADAMS *v.* THE TOWN OF DERBY.

October Term, 1900.

Present: TAFT, C. J., TYLER, MUNSON, START and STAFFORD, JJ.

Opinion filed July 6, 1901.

*Jurisdiction of selectmen to re-survey a highway*—Under V. S. 3294 selectmen may re-survey a highway when the original survey thereof has not been recorded, or when its terminations and boundaries can only be approximately ascertained.

*Inference in favor of a record not before the court*—Circumstances may be such that the Supreme Court will infer that the jurisdiction of selectmen to re-survey a highway is shown by an existing record not furnished to the court.

*Re-survey of a highway—Compensation a second time by virtue of V. S. 3294*—Notwithstanding the act of 1858 providing that no rights in a highway shall be acquired by occupation, when a highway is re-surveyed under V. S. 3294, fences and buildings maintained for fifteen years cannot be removed nor lands enclosed for that time taken without compensation.  The resulting double payment by a town is in the nature of a penalty for non-action.

THIS WAS A ROAD PETITION under V. S. 3314, in the nature of an appeal from the action of the selectmen of the town of Derby in re-surveying a highway. Heard upon the petition and report of commissioners, Orleans County, March Term, 1900, *Watson, J.,* presiding. In vacation following said term judgment was rendered establishing the highway as surveyed by the selectmen, awarding the petitioner Ira F. Adams no land damages and awarding the petitioner Laura F. Adams land damages in the sum of $250, and requiring her on payment thereof to remove all fences and buildings on the lands enclosed by her and taken for said highway as re-surveyed. The petitioners excepted to the judgment of the court establishing the highway as re-surveyed. The petitionee excepted to that part of the judgment awarding land damages to the said Laura F. Adams.

Previous to the commencement of the proceedings for a re-survey the original survey could not be found. After the re-survey the original survey was found but by reason of uncertainty as to the starting point named therein, the exact location of the northerly boundary of said road as originally surveyed across and adjoining the petitioners' land could only be approximately determined.

It was found by the commissioners that "since prior to the year 1843" to the time of the hearing before them, all the land for which damages were awarded to the petitioner Laura F. Adams had been continuously enclosed by fences.

The original survey was in 1834 and the re-survey was in 1898. This petition was brought July 26, 1899, and some time during the ensuing fall the record of the original survey was found.

*Cook & Williams* for the petitioners.
*Young & Young* for the petitionee.

TAFT, C. J.   I.   The selectmen had authority to re-survey the highway in question in case its terminations and boundaries could not be ascertained.   The commissioner's report shows that when the proceedings were instituted the boundaries of the road could not be ascertained accurately, and since the finding of the lost survey the starting point can only be approximately determined.   For the latter reason therefore the selectmen had authority to re-survey the highway.   The petitioners insist that the proceedings should show that the selectmen had jurisdiction.   The record of the proceedings has not been furnished us, and if it is necessary, we infer, not that the selectmen had jurisdiction, but that the record shows that they had.

II.   The town claims that the petitioner Laura F. Adams is not entitled to the damages awarded her.   The location of the re-surveyed highway covers no portion of her land except that which was within the original survey.   It is presumed that she, or, her predecessors in title were paid for it at the time of the original taking.   Is she entitled to pay for land which the public has once paid for ?   Since the statute No. 27 Acts 1858, now sec. 3506 V. S. was passed no right in the highway could be gained by occupation or possession.   I, for one, do not concede that such right could have been gained prior to the statute of 1858, by possession although adverse. The report does not show that the possession by the petitioner of the land included within the limits of the original survey, was adverse.   Conceding that she could so acquire it, it does not appear that she had.   But irrespective of the statute of limitations, a majority of the court hold that under s. 3924 V. S. if the land owner has been in possession of lands within the limits of a highway for fifteen years, that his fences and buildings erected and continued thereon for that length of time, shall not be removed nor the lands enclosed again taken

for the highway without compensation.    That, twice paying for land taken for highway purposes, is in the nature of a penalty imposed upon a town for their non-action in permitting one to occupy the public highway for so long a time.    Under this view of the statute the petitioner Laura F. is entitled to the damages awarded her and the

*Judgment is affirmed.*