EUGENE S. ABBOTT AND ELLA M. ABBOTT v. RUSSELL A.
FLINT'S ADMINISTRATOR.

January Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, and POWERS, JJ.

Opinion filed January 31, 1906.

*Reformation of Instruments—Description in Deed—Mistake
of Fact.*

Equity will not correct a claimed mistake in a written instrument,
without clear and undoubted proof that such mistake has been
made.

Although the description in a deed is worded exactly as the parties
intended, yet if, through ignorance, inadvertence, negligence or
otherwise, it actually does not describe all the land which the
parties intended it should, and which they supposed it did describe,
this is a mistake of fact, and a court of equity will reform the in-
strument.

The rule is different where there is a misunderstanding as to anything
material contained in the deed. In that case the requisite mutu-
ality of assent as to such thing is wanting, consequently the sup-
posed contract does not exist.

Defendant, as administrator, sold by auction to the orator certain land
belonging to decedent's estate and known as the "Bigelow Farm,"
which comprised, as all the parties supposed, all the land that the
decedent owned in that part of the town at the time of his death.
In the deed from the defendant the land was described by referring
to certain other deeds, which description did not include certain
adjacent "gore-land" which the decedent owned at the time of his
death, and which he had used, occupied, and treated as a part of
said farm, and between which and the rest of the farm there was
no definite boundary. The defendant intended to convey all the
land that belonged to the decedent's estate situate in that part of
the town, and he did not know of the gore-land as a separate
entity. The orators knew of its existence and supposed it was
conveyed to the oratrix by the defendant's deed. *Held*, that a court
of equity would reform said deed so that the description should
include said gore-land.

APPEAL IN CHANCERY.    Heard on bill, answer, and master's report at the December Term, 1904, Orange County, *Haselton,* Chancellor.    Decree that the deed from the defendant to the oratrix be reformed so as to convey the "gore-land."    The defendant appealed.    The opinion states the case.

*N. L. Boyden* for the orators.

*March M. Wilson,* and *Frank Plumley* for the defendant.

In order that the deed may be reformed on the ground of mistake, such mistake must have been mutual, and the minds of the parties must have met on some agreement.    24 Am. & Eng. Enc., 649, 650; *Page* v. *Higgins,* 5 L. R. A. 152; *Coles et al.* v. *Bowne,* 10 Paige 525, 4 L. ed. 1076; *Cathcart* v. *Robinson,* 30 U. S. 263; *First National Bank, etc.* v. *S. Frank Hall,* 101 U. S. 43; *Baldwin* v. *Mildeberger,* 2 Hall 176; *Utley* v. *Donaldson,* 94 U. S. 29; *Hazard* v. *Ins. Co.,* 1 Sumn. 218; *Bryce* v. *Lorillard F. Ins. Co.,* 55 N. Y. 243.

Specific performance should never be decreed unless the terms of the agreement sought to be enforced are clearly proved.    *Hennesy* v. *Woolworth,* 128 U. S. 438; *Nickerson* v. *Nickerson,* 127 U. S. 608; *Dalzell* v. *Dueber Watch Case Mfg. Co.,* 149 U. S. 315.

TYLER, J.    The master finds that Russell A. Flint died seized of certain real estate situated in Braintree, and, among other parcels, a certain ten acre lot of gore-land, in the northwest corner of the town, between lot No. 52 in the second division and the west line of the town.    The title to this gore-land is the subject-matter in dispute.

H. W. Fitts, as administrator of Flint's estate, in October, 1893, sold by auction to the orator, Eugene S. Abbott, the

"Bigelow Farm," which comprised, as all the parties supposed, all the land that Flint had owned in the north-west corner of that town at the time of his decease. Adjacent to this farm and lying between it and the west corner of the town is the gore-land, between which and the farm there are no definite bounds. The deed was made to the oratrix, Ella M., by the direction of her husband, the farm being described by reference to deeds from certain persons to Flint.

The administrator intended to convey all the land that belonged to Flint's estate situated in that part of the town, though he had no knowledge of the gore-land as a separate entity. The orator, Eugene S., knew of its existence and both orators supposed it was conveyed to them by the administrator's deed. The orators occupied this land with said farm several years after the purchase, and they and the administrator for many years supposed it was theirs, when the discovery was made that it was not included in the description in the deed.

The facts that Flint, after his purchase of the land in controversy, maintained no boundary between it and the Bigelow farm, that he made it a part of that farm, occupied and used it as such, and had it set in his grand-list as a part thereof, show clearly that its identity as a separate piece of land had been lost long before the administrator's deed was given to the oratrix. The only shortage in the deed was that it described the land conveyed as acquired from certain persons, when the ten acre piece was in fact acquired from a different person. The administrator had no intention to except it from the conveyance. He did not know of its separate existence, but he meant to convey all the land in that corner of the town that Flint had owned at the time of his death. Eugene S. knew about the gore-land, but supposed it had ceased to have a distinct exist-

ence from the "Bigelow Farm," and that it then was a part of it. His wife supposed she was purchasing all the land that Flint had owned in that locality. This piece was required to make up the 318 acres that the Bigelow farm was said to contain.

A Court of Chancery will correct mistakes in conveyances, when clearly and unequivocally proved, and make the instrument such, both in form and effect, as will fulfill the intention of the parties. This rule is laid down in all elementary works and is recognized in *Beardsley* v. *Knight,* 10 Vt. 185, which is cited with approval in 33 Am. Dec. 193, where *Kennard* v. *George,* 44 N. H. 446, and many other cases are referred to in the notes.

The rule is aptly stated in 24 Am. & Eng. Ency., in the notes upon p. 650, that when through ignorance, inadvertence, negligence, or otherwise, the description in a deed does not in fact embrace the land which the parties intended it should, and which they supposed it did, it is considered a mistake of fact, and the description can be reformed, though it is exactly as the parties intended it should be. See *Goode* v. *Riley,* 153 Mass. 585, and other cases there cited.

This rule is also fully explained and illustrated both in the opinion and in the notes in *Coles* v. *Bowne,* 10 Paige's Ch. 1077, 4 Law. ed. p. 526; Pom. Eq. Jur. §§ 852-855.

It is the rule, as the defendant contends, that equity will not correct a mistake in a written instrument, except on clear and undoubted testimony. *Lyman* v. *Little,* 15 Vt. 576. It is generally said in the books that the court must be satisfied beyond a reasonable doubt that a mistake has been committed, and in the present case the master's report makes it clear that both parties intended a conveyance of all the land in a certain

locality, but by a mutual mistake, they omitted to describe it specifically in the deed, which brings the case within the rule.

The rule is different where there is a misunderstanding as to anything material contained in a deed, for there mutuality of consent is wanting. As was said by Mr. Justice Swayne in *First National Bank* v. *Hall,* 101 U. S. 43, 25 Law. ed. 825, the requisite mutuality of assent as to such thing is wanting; consequently the supposed contract does not exist, and neither party is bound. In the view of the law in such a case, there has been only a negotiation, resulting in a failure to agree. What has occurred is as if it were not, and the rights of the parties are to be determined accordingly. Further on he says: "It is essential to the validity of a contract that the parties should have consented to the same subject-matter in the same sense. They must have contracted *ad idem.*" This rule applied to the case at bar entitles the orators to relief, for the parties did consent to the same subject-matter and in the same sense. There was perfect mutuality of assent in respect to the land, the title to which was to pass to the orators by the administrator's deed, but by a mutual mistake a description of the gore-land was omitted.

No exception was taken to the master's report, and no question is before us but that the master made his findings with the requisite degree of certainty.

*Decree affirmed and cause remanded.*