GEORGE H. RIPLEY *v.* HUGH M. SPAULDING

(80 A2d 375)

February Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed May 1, 1951.

*Loren R. Pierce* for the defendant.

*Alban J. Parker* and *Palmer D. Ainsworth* for the plaintiff.

CLEARY, J. This is an action of trespass brought to recover

treble damages for wrongful cutting of timber by the defendant on the so called "Pond Lot" in the Town of Plymouth belonging to the plaintiff. Trial was by jury with verdict and judgment for the plaintiff. The case is here on the defendant's exceptions.

One exception is to the exclusion of a duly certified copy "of the appraisal of the real estate of George and Harold Ripley, of Ludlow, Vermont, for the years 1946, 1947, 1948, 1949 as shown by the grand list books of said town of Plymouth for these years." It was offered for the purpose of showing the value of the "Pond Lot" and "as showing that its value was reduced only one dollar on the grand list after all this cutting had been done on it." The offered appraisal is a public document. *Clement* v. *Graham,* 78 Vt 290, 312, 63 A 146. Therefore, it was admissible in evidence if pertinent to the issue. *Ripton* v. *Brandon,* 80 Vt 234, 238-240, 67 A 541; *Citizens' Bank* v. *Fitchburg Fire Ins. Co.,* 86 Vt 267, 275, 84 A 970; *Humphrey* v. *Wheeler,* 92 Vt 47, 49, 101 A 1018. One issue in the case at bar was the value of the timber claimed to have been cut by the defendant on the "Pond Lot." The grand list was pertinent to that issue. The difference in the value of the "Pond Lot" before and after the cutting was some evidence of the value of the timber claimed to have been cut. The weight of that evidence, however slight, was for the jury to determine. Its exclusion was prejudicial.

Numerous other exceptions were briefed; because none of the questions raised by them are likely to recur on a new trial of the case we shall not mention them except to point out two faults. Most of them are inadequately briefed and fail to show harmful error. Exceptions that are inadequately briefed merit no consideration. *Bressett* v. *O'Hara,* 116 Vt 118, 123, 124, 70 A2d 238; *Sears* v. *LaBerge,* 116 Vt 168, 172, 71 A2d 687; *Trudo* v. *Lazarus,* 116 Vt 221, 225, 73 A2d 306. The burden is on the excepting party to show harmful error, that if error was committed his rights were injuriously affected thereby, and the risk of failure is upon him. Supreme Court rule 9; *Meyette* v. *Canadian Pac. Ry. Co.,* 110 Vt 345, 356, 6 A2d 33; *Long* v. *Leonard,* 113 Vt 258, 262, 32 A2d 679; *Turner* v. *Bragg,* 113 Vt 393, 400, 35 A2d 356; *Macauley* v. *Hyde,* 114 Vt 198, 203, 42 A2d 482. *Judgment reversed and cause remanded.*