## Emile Viens Et Al v. Adrien Lanctot

[144 A2d 711]

May Term, 1958

Opinion Filed September 2, 1958

*Rudolph J. Daley* and *Maxwell L. Baton* for the defendant.
*Raymond L. Miles* for the plaintiffs.

**Cleary, C. J.** This is an action of tort for fraud and deceit in the sale of a farm, stock and tools in April 1954. Trial was by jury and resulted in a verdict and judgment for the plaintiffs. The case is here on the defendant's exceptions to the reception and exclusion of testimony, to allowing the jury to take a view of the premises, to denial of the motion for a directed verdict, for the failure to withdraw certain issues from the jury, to the charge and the refusal of requests to charge, and to the denial of a motion to set aside the verdict.

■ Several exceptions are briefed relating to the reception and exclusion of testimony. That concerning the amount of milk produced on the farm at the time of the sale and immediately thereafter needs no consideration because the court below later charged the jury they should award no damages for that claim. Supreme Court Rule 9; *Long* v. *Leonard*, 113 Vt 258, 262, 32 A2d 679, and cases there cited; *Macauley* v. *Hyde*, 114 Vt 198, 203, 42 A2d 482.

■ Germain Lalime and Romeo Rodriguez were allowed to testify subject to the defendant's exceptions regarding their competency. These were preliminary questions for the trial court, and its decisions are conclusive unless it appears from the evidence to have been erroneous, or that they were founded on errors of law. No such errors have been made to appear so

the exceptions are unavailing. *Purington* v. *Newton*, 114 Vt 490, 493, 49 A2d 98; *Teitle* v. *London & Lancashire Insurance Co.*, 116 Vt 228, 230, 73 A2d 300; *Leblanc* v. *Deslandes*, 117 Vt 248, 253, 254, 90 A2d 802.

The defendant claims it was error to allow the assistant town clerk of the Town of Coventry, where the property in question was located, to testify to the appraised value shown by the Grand List of 1954. This list is a public document; the value of the property was a material issue and the grand list was pertinent to this issue. Therefore this testimony was properly received. *Ripton* v. *Brandon*, 80 Vt 234, 237, 238, 67 A 541; *Ripley* v. *Spaulding*, 116 Vt 531, 532, 80 A2d 375.

Subject to the defendant's objection and exception, the superintendent of Canadian Custom Excise at Rock Island, Quebec, who had been stationed there since 1930, was allowed to testify that he was "familiar with the legal requirements with regard to the issuance of permits to Vermont cars going through the Canadian Customs in April 1954, entering Canada." The objection was: "He hasn't shown any qualifications yet about knowing the Law of Canada." Subject to the same objection and exception he was then allowed to testify that any American seeking entry into Canada is required to report at the nearest Customs and "if they have a vehicle, we have written forms that have to be filled out and have to be surrendered when they leave Canada." Whether the witness had shown any qualifications about knowing the Law of Canada was a preliminary question for the trial court and its decision is conclusive unless it appears from the evidence to have been erroneous, or was founded on an error of law. *Purington* v. *Newton*, 114 Vt 490, 493, 49 A2d 98; *Leblanc* v. *Deslandes*, 117 Vt 248, 254, 90 A2d 802. No error or prejudice has been made to appear, so the exception is of no avail.

One Rivard, a contractor and builder of ten years experience, called by the plaintiff, testified it would cost $8390 to build the barn on the premises in 1949. His estimate was based on the barn with a galvanized iron roof. The defendant testified he built the barn in 1949, that it cost between $9000 and $10,000 and that the barn roof was aluminum. His

counsel then attempted to show and, when his question was excluded, offered to show that the cost of aluminim roofing was higher than galvanized roofing, to meet the testimony of Mr. Rivard. The court stated "Haven't you already covered that? You have your witnesses' testimony as to the value of the barn. This is just immaterial. You have covered all that. We are going to exclude it." The defendant was allowed an exception. The defendant claims the court's ruling was error and that the cost of building the barn quoted by Mr. Rivard would have been substantially higher had he taken into account the different roofing. Defendant's counsel made no reply to the court's question. If he had not already covered the matter it was his duty to so inform the court. He makes no claim now that he had not already covered it. His claim that Rivard's quoted cost would have been substantially higher is only his assumption and he has not claimed or shown that the ruling was prejudicial. *State* v. *Tatko*, 119 Vt 459, 464, 128 A2d 663.

■ ■ While cross-examining the plaintiff husband, defendant's counsel asked "Did you ever find any fault with Mr. Lanctot about this trade?" It was objected to as immaterial and, when asked by the court what he would say to that objection defendant's counsel replied, "It is certainly material to show whether he found any fault with this trade during this period of time when he was living on the property and saw the man." The question was excluded and the defendant allowed an exception. The scope of cross-examination is generally within the discretionary control of the trial court. But where the witness is a party there is a right to cross examination on any material matter whether covered by direct examination or not. *Knight* v. *Willey*, 120 Vt 256, 261-262, 138 A2d 596, and cases there cited. Omissions to speak or to act when it would have been natural to do so may be shown by way of contradiction or impeachment of the claim of a witness or a party at the trial. *Cady* v. *Owen*, 34 Vt 598, 601-602; *Coolidge* v. *Ayers*, 77 Vt 448, 453, 61 A 40; *In re Estate of Clogston*, 93 Vt 46, 50, 106 A 594; *State* v. *Tinker*, 108 Vt 213, 217, 184 A 698. The excluded question was material. It tended to affect the credibility of the plaintiffs' claim of fraud and its exclusion was error.

■ The plaintiffs introduced evidence in support of their allegation that the defendant falsely represented the farm had an ample supply of water at all times for domestic and animal use and that there was never any trouble about water. Later the defendant excepted to the exclusion of his offer to show that the rainfall was way below normal in 1955. He claims the offered evidence would have a bearing on his intent and knowledge. The claimed misrepresentation was made in April 1954 and the plaintiffs' evidence regarding the lack of a water supply covered the period both before and after that date. The defendant's offer did not meet the issue so no error is shown. *Tyrrell* v. *Prudential Ins. Co.*, 109 Vt 6, 21, 192 A 184, 115 ALR 392, and cases there cited.

■ During the trial and subject to the exception of the defendant, the court, on the plaintiffs' motion, allowed the jury to take a view of part of the premises. The defendant says this action without any claim as to how this partial view might help the jury decide any matters occurring $2\frac{1}{2}$ years before, was error. The court stated it was allowing the view as a matter of discretion. The question for our determination is whether the trial court abused its discretion. In considering it we are bound to indulge every reasonable presumption in favor of the ruling below, bearing in mind that the trial court was in a better position to determine the question. So considered it cannot be said, on the record before us, that the trial court exercised its discretion on grounds or for reasons clearly untenable, or to an extent clearly unreasonable, which, in this State, is the recognized test of abuse of discretion. *Lancour* v. *Herald and Globe Ass'n.*, 112 Vt 471, 483, 28 A2d 396, and cases there cited. The defendant has the burden of showing abuse of discretion, clearly and affirmatively. *Bigelow* v. *Denis*, 119 Vt 21, 25, 117 A2d 261; *Gray* v. *Janicki*, 118 Vt 49, 50-51, 99 A2d 707; *Ricci* v. *Bove's Executor*, 116 Vt 335, 339, 75 A2d 682. Regardless of what this Court might have done under similar circumstances, we are unable to say that the trial court abused its discretion. *Farr* v. *Fisher*, 107 Vt 331, 337, 178 A 883, 98 ALR 926; *Houran* v. *Preferred Accident Ins. Co.*, 109 Vt 258, 269, 195 A 253.

The defendant briefs as one general topic his exceptions to the overruling of his motion for a directed verdict, to the failure of the court to withdraw consideration of certain of the plaintiffs' allegations from the jury, to the court's charge, to the refusal of the court to comply with a request to charge and to the denial of his motion to set aside the verdict.

■ The defendant excepted to the failure of the court to comply with his request to charge concerning the supply of water. The plaintiffs' evidence tended to prove that the defendant represented he had no trouble with the water supply after installing the system then in use, that it never missed; but that in fact the source of supply was dry at times and the defendant hauled water from other sources to the farm, that the farm water was unfit for drinking purposes and the plaintiffs were forced to haul water for domestic and farm use. From this evidence the jury could properly find fraudulent misrepresentation concerning the water supply. The issue was properly left to the jury and there was no error in failing to give the requested charge. *Smith* v. *DeMetre*, 119 Vt 73, 77-78, 118 A2d 346, 58 ALR 2d 1.

■ The defendant claims that where parties deal at arm's length and representations are made as a matter of opinion, there is no liability for misrepresentations, citing *Belka* v. *Allen*, 82 Vt 456 at 462-463, 74 A 91. But if they are made as assertions of fact, and with the purpose that they shall be so received, and are so received, they may amount to fraud. Whether such statements are to be taken as mere opinions or as statements of fact depends upon the circumstances of the particular case; so whether fraud was intended is usually, though not always, a question for the jury. *Tetreault* v. *Campbell*, 115 Vt 369, 374, 61 A2d 591, and cases there cited.

The plaintiffs had alleged that they "were not familiar with farm values" and that they "were relying solely and exclusively on the defendant's honesty in the sale of the farm and personal property." The defendant claims these allegations did not, in and of themselves, create any relationship of dealing on unequal terms, or place the defendant in the position of one having superior knowledge to that of the plaintiffs, and, in

fact, the evidence showed the contrary, if anything. The transcript shows the plaintiff husband testified "I told him that I did not know the value of properties in Vermont," "I also told him I did not have much experience on a farm," "I told him I took his word, that I believed what he told me." Whether the plaintiffs proved the allegations was a question for the jury to decide.

■ Among other allegations of fraud was that the barn had been repaired in 1949 and that it was a good barn, well constructed, and in a good state of repair. The plaintiffs' evidence tended to show that the barn was built in 1949, and that soon after their purchase extensive repairs were necessary which they were obliged to make. The defendant claims the representations were statements for which no action would lie, that there was nothing to hide from the plaintiffs' view the manner in which the barn was constructed and nothing to prevent them from seeing how it was built. The well settled doctrine in Vermont is that when it is established that a plaintiff has been induced to act by fraudulent misrepresentations, it is no excuse for the defendant, nor does it lie in his mouth to say, that the plaintiff might, but for his own neglect, have discovered the wrong and prevented its accomplishment. *Lunnie* v. *Gadapee*, 116 Vt 261, 265, 73 A2d 312, and cases there cited. So the issue was properly submitted to the jury.

The plaintiffs alleged that the defendant falsely represented that the tractor which he sold them was a good tractor; that in fact it was not and that it was worthless and of no value and not a good tractor. Their evidence tended to show the defendant told them it was a good tractor in perfect condition and ran perfectly but in fact it wouldn't start and the plaintiffs were never able to use it. The defendant excepted to the submission of this issue to the jury. He claims the representations were mere vague, general or indefinite statements, insufficient to form the basis of an action for fraud. On the grounds briefed by the defendant no error appears.

The plaintiffs alleged that the defendant falsely represented that the farm would keep 50 cows. The plaintiffs' evidence tended to prove that the defendant made this representa-

tion but that in fact the farm, in its then condition, would probably carry 15 cows and that it was capable of carrying and pasturing from 20 to 25 cows.

The defendant claims that, if the representations were interpreted as facts and not as an opinion, they could only apply to future events for which an action of fraud does not lie, even though they turn out to be false. The language used was susceptible of a construction making it applicable to the present as well as the future, and it could not be said as matter of law that it referred to the future only. The exception is not sustained. *Belka* v. *Allen*, 82 Vt 465, 74 A 91.

Another allegation was that the defendant falsely represented "that the water works on said farm and the pipes in connection therewith were all in good condition." The defendant claims no evidence was introduced to support this allegation. We agree. In fact the husband plaintiff admitted on the stand that the defendant told him before the purchase that the ram and water pipe from which he had obtained water had frozen and that there was other trouble with it. This plaintiff knew the defendant had abandoned that source of supply. Therefore, the defendant's exception to the submission of that issue to the jury is sustained.

There remains to consider the allegation that the defendant falsely represented that seven of the cows sold to the plaintiffs "were to become fresh cows in the fall of that year." It appeared that the plaintiffs sold one of the seven cows during that summer so the court, in submitting that issue to the jury, reduced the number to six cows. The plaintiffs' evidence tended to prove the defendant told them that these six cows would freshen in the fall but in fact none of them did so until March of the following year. The defendant excepted to the submission of this issue to the jury because it related to future events and because no damage was proved. The first ground is not sustained but the second must be. The alleged misrepresentation related to the then existing physical condition of the cows and so was actionable. But to sustain an action of fraud and deceit both fraud and damage have to be alleged and proved. The burden was on the plaintiffs to show,

not only that they had been damaged by the fraud of the defendant, but also to show facts necessary for the proper and correct computation of the damages.   *Rice's Admr.* v. *Press,* 117 Vt 442, 449, 94 A2d 397.   This they failed to do.

Because of the errors we have mentioned it is necessary to reverse the judgment.   *Judgment reversed and cause remanded.*