## Warren H. Colson v. State Highway Board

[173 A.2d 849]

May Term, 1961

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed September 5, 1961

*Philip A. Kolvoord* for the plaintiff.

*John D. Paterson* and *Keith E. King* for the defendant.

**Shangraw, J.**   This is a land condemnation case.   The State Highway Board condemned three separate parcels of plaintiff's land, containing 3.3 acres, situated in the town of Cavendish, and awarded the plaintiff $2,400.   He appealed from this award to the Windsor County Court.   Trial was had by jury and a verdict of $7,250 was rendered in favor of the plaintiff and judgment entered thereon.   After verdict and before judgment, the defendant filed a motion to set aside the verdict and for a new trial, bringing to the trial court's attention the claims of error.   The defendant's motion was denied and judgment entered on the verdict.

The defendant is here on its appeal from the judgment, claiming error on the part of the trial court in permitting the plaintiff to amend the petition to increase the taking; to the reception and exclusion of certain evidence; and to the court's charge on the issue of compensation for business loss.

The land affected by the taking is situated generally on the westerly side of the village of Proctorsville, town of Cavendish, Vermont, with all buildings on the northerly side of old route 103.   The taking by the State is for the purpose of relocating Route 103 leading from Proctorsville to Ludlow, Vermont.   The plaintiff's property, for the purpose of this opinion, is divided into two parts: former Governor Fletcher's stone mansion, known as "Chuckle Hill" with out-buildings, including a caretaker's home and greenhouse, and eleven and one-half acres of land; and the Freeman farm, with house, barns and sheds, consisting of three parcels of land with a total acreage of about 190 acres.   This property was purchased by the plaintiff in June 1950.

Chuckle Hill was constructed prior to 1908 with a long wide stone wall and pillared entrance bordering the road.   It was conceded that this extraordinary building is more an edifice than a house.   The stone wall in front of the house was constructed of the same material as the house.   By reason of the relocation of the highway, new Route 103 is away from Chuckle Hill, while old Route 103 is moved about 65 to 85 feet nearer the stone house.   A portion of the stone wall, about 320 feet, with entrance and pillars and certain trees and shrubs on the grounds of Chuckle Hill are to be taken.

New Route 103 is to run within six feet from the front of the Freeman farm house and in so doing most of the front lawn is to be affected by the taking, including five large pine trees and one elm tree which had been cut down at the time of trial.

The first assignment of error arises by reason of the fact that on the day of trial the plaintiff moved to amend the petition to include, as items of damage to be considered in the case, land lying outside of the areas sought to be condemned by the State, and not included in the survey, but in fact to be used by the State. The amendment was granted over the objection of the State. It is claimed by the State that this controversial area was within the apparent limits of the old highway and, therefore, there was no occasion for condemnation by the State of the continued use of the existing right of way. Further, that the plaintiff was not entitled to compensation for such land, stone wall and trees within this area.

Even though the area in question was not included in the survey by the State of land to be taken, by offering the proposed amendment, the issue of necessity for the taking under Chapter 5 of Title 19 V.S.A. was waived by the plaintiff. While the State objected to the proposed amendment, a continuance of the hearing was not requested, and we fail to see how the State was in any way prejudiced. The amendment presented a clear-cut issue as to whether or not the plaintiff was entitled to compensation for such portion of the land, stone wall and trees located on the Chuckle Hill property as was within the claimed right of way of old route 103.

In laying out or altering a highway a survey must be made describing the highway by courses, distances and width setting forth the monuments and boundaries and a record thereof made in the town through which the highway runs. If a survey of a highway has not been properly recorded, or the record not preserved, or if the termination and its boundaries cannot be ascertained, a resurvey may be made, and a record thereof made in the office of the town clerk in each town in which the resurveyed highway is situate. 19 V.S.A. §298. *Culver* v. *Fair Haven,* 67 Vt. 158, 31 A. 144. In this case it appears that no survey or resurvey has been preserved or record made, nor the boundaries ascertained.

The State relies on a statute, 19 V.S.A. §36, passed in 1957, which sets up a three rod right of way where no previous survey exists and

where no boundary can be ascertained, to avoid paying the plaintiff the value of the stone wall. This wall was built prior to 1908 and has since remained as a permanent boundary. The State made no attempt to show that compensation had ever been paid for the wall.

■ 19 V.S.A. §1452, relied upon by the State, provides that a right or interest within a highway shall not be acquired by possession or occupation, citing *Bristol* v. *Palmer*, 83 Vt. 54, 65, 74 A. 332, 31 L.R.A., N.S. 881. We construe this statute to apply where the statutes, Chapter 7, 19 V.S.A. relating to a survey or resurvey, have been complied with. Notwithstanding section 1452, *supra*, it has been held in *Adams* v. *Derby*, 73 Vt. 258, 260, 261, 50 A. 1063, that when a highway is resurveyed fences and buildings maintained for fifteen years cannot be removed, nor lands enclosed for that time taken without compensation; the resulting double payment by a town is considered in the nature of a penalty for non-action. We conclude that the court properly instructed the jury that the wall should be considered in arriving at the fair market value of the Chuckle Hill property before and after the taking.

The defendant's second assignment of error is to the effect that no sufficient evidence was introduced justifying the submission of the issue of business loss to the jury. By 19 V.S.A. §221(2) our statutory law defines damages as follows:

"Damages resulting from the taking or use of property under the provisions of this chapter shall be the value for the most reasonable use of the property or right therein, and of the business thereon, and the direct and proximate lessening in the value of the remaining property or right therein and the business thereon."

■■ Mr. Colson, the plaintiff, is engaged in the highly specialized field of rare books, stamps and manuscripts and writes in this field. His business is such that he requires a quiet private library in which he keeps an extensive collection. He was 77 years of age at the time of the trial in December 1959. Business loss may be considered on the issue of damages where a business is inextricably related to the property on which it is carried on so that the taking results in subjecting the business to a loss, which would not be compensated for by paying for the value of the land alone. *Record* v. *State Highway Board*, 121 Vt. 230, 237, 154 A.2d 475. The plaintiff traveled considerably and

spent only a portion of his time at Chuckle Hill. No evidence was introduced as to his gross earnings. He testified that the nature of his business required peace and quiet and that the change in the highway would slow down his services, affect his peace of mind and may affect his productive work. His conjectural statement as to his probable loss was that the effect "might" be from $3,000 to $5,000 per year. This was the only evidence relating to business loss. Speculation and conjecture is no proof in him who is bound to make proof. *Rice's Admr.* v. *Press,* 117 Vt. 442, 450, 94 A.2d 397.

█ The submission of business loss by the court to the jury was error; however, we consider that the defendant was not prejudiced thereby in view of the following evidence on valuation of the property in question before and after the taking. One witness improved by the plaintiff estimated the damage at $7,500, based upon Chuckle Hill valuation before the taking at $35,000, after the taking $32,000, and the Freeman farm before the taking at $9,000, and after the taking at $4,500. One witness improved by the State estimated plaintiff's damage at $3,200, arrived at by placing a value of $30,000 on Chuckle Hill before the taking and $28,800 after the taking and the Freeman farm before the taking at $11,000 and $9,000 after the taking. The second witness called by the State testified the plaintiff's estimated damage was $2,400, arrived at by appraising Chuckle Hill at $25,000, before the taking and $24,000 after the taking; and the Freeman farm at $12,000 before the taking and $10,600 after the taking. None of the witnesses took into consideration any business loss, nor did they consider the cost of repairing a driveway on the Chuckle Hill property, estimated at $1,000 by one witness. Viewing the evidence as a whole, the verdict of $7,250 was within the range of appraisals made of the property exclusive of any business loss. *Penna* v. *State Highway Board,* 122 Vt. 290, 170 A.2d 630.

█ Defendant's third assignment of error relates to the admission of certain photographs showing the appellee's property during construction. These photographs showed the trees on the Freeman farm property after they were cut down. The State first exercised control of the property June 3, 1959. These photographs were taken at a later date. It is urged by the State that the measure of damages was the fair market value of the property before the taking less the fair market value after the taking and that the pictures taken of the

property during construction were not material to this issue. There was also introduced in evidence pictures taken before the trees in question were cut down. It is evident that the nature of the trees, size, condition and location on the property afforded an opportunity for a comparison of the property before and after the taking. These photographs had a bearing on the question of damages. Moreover, the whole question of the admissibility of photographs is one largely within the discretion of the trial court and the rulings thereon are not ordinarily reviewable. *State* v. *Gravelle,* 117 Vt. 238, 241, 89 A.2d 111; *Leland* v. *Leonard,* 95 Vt. 36, 38, 112 A. 198. No abuse of discretion appears. The defendant also objected to the word "desecration" as used by the plaintiff to describe his opinion of the cutting and removal of these trees, on the grounds that such characterization was prejudicial. We conceive this description or expression on his part as merely indicating that the trees were of value to the property, which appears self-evident. The State has failed to support its claim of prejudice on this point.

The last assignment of error pertains to the court's failure to allow the defendant to show on cross-examination that the plaintiff had taken an appeal from the lister's appraisal for tax purposes of property affected by the condemnation proceedings. While the plaintiff was improved as a witness there was introduced on his behalf the grand list for the year 1959 without objection on the part of the State. The grand list of plaintiff's premises, based upon a one-third valuation thereof, was as follows: 11½ acre Homestead $15,000; 133 acre Freeman farm, $3,750; 50 acre Stewart lot $300; and 7½ acre pasture and gravel bank $200. This was a public document. In that the value of the property was a material issue the grand list was pertinent to this issue. *Viens* v. *Lanctot,* 120 Vt. 443, 446, 144 A.2d 711; *Ripley* v. *Spaulding,* 116 Vt. 531, 532, 80 A.2d 375.

Presumably for the purpose of attempting to show that the plaintiff considered the appraisal of Chuckle Hill in excess of its fair market value, the State, on cross-examination of the plaintiff, sought to establish that he had in fact taken an appeal from the appraisal and that such an appeal was in fact pending. The Court refused to permit this line of cross-examination. The plaintiff, an adverse party, was subject to cross-examination by the State under the rules applicable to cross-examination of a witness. 12 V.S.A. §1641. He was a

competent witness to testify as to the value of his own land, 12 V.S.A. §1604. At no time was the plaintiff inquired of as to the value of his property. The grand list reflected a valuation of $45,000 for the Chuckle Hill property. All three appraisers valued Chuckle Hill at least $10,000 under the listers valuation. While the restriction of cross-examination on this phase was error, we consider it harmless, having in mind the valuation of the appraisers and the amount of the verdict. In considering all of the evidence on values the State has failed to show prejudicial error. *Estate of Delligan,* 111 Vt. 227, 240, 13 A.2d 282; Supreme Court rule 9; see 1 Wigmore, Evidence, §21 (Third Edition, 1940).

*Judgment affirmed.*

Mr. Justice Holden dissents.