# David E. and Denise M. Pidgeon v. Vermont State Transportation Board

[522 A.2d 244]

No. 84-119

Present: Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.

Opinion Filed January 9, 1987

*Peter F. Langrock, Susan M. Murray,* and *Mary McQuillen,* Law Clerk (On the Brief), of *Langrock Sperry Parker & Wool,* Middlebury, for Plaintiffs-Appellees.

*Jeffrey L. Amestoy,* Attorney General, and *Andrew M. Eschen,* Assistant Attorney General, Montpelier, for Defendant-Appellant.

**Peck, J.** The Vermont State Transportation Board (defendant) appeals a jury verdict in a highway condemnation case awarding plaintiffs $5,000 for the taking and $33,000 in severance damages. We reverse and remand.

Plaintiffs are the owners of a farm totaling approximately 264 acres in the town of New Haven, Vermont. The 138-acre parcel in question in the present case is situated at the junction of Route 7

and State Aid Highway #3, and lies both to the east and west of Route 7. In connection with a state highway project, designed to widen and improve Route 7, defendant condemned three parcels, of which only one parcel is in question in the present appeal.

Central to a determination of this case is a parcel denominated 4B, which consists of 2.10 acres and is six rods wide. The centerline of Route 7 runs slightly to the west of the centerline of parcel 4B, and defendant argues that parcel 4B is part of a preexisting six-rod right-of-way acquired by the State of Vermont in 1816.[1] On the other hand, plaintiffs contend that the survey descriptions presented below did not conform to the property description of the land originally condemned for highway purposes in the early years of the last century. They assert that since the boundaries of the original six-rod right-of-way cannot be determined by reference to the record title, defendant was limited to a presumption of a three-rod right-of-way under 19 V.S.A. § 36.[2] Plaintiffs further contend that since defendant could claim only a three-rod right-of-way, the balance of the land taken was theirs, not that of the State, with a consequent adjustment required in the amount of compensation.

The issues brought to this Court from the trial below arise procedurally from the trial court's decision on defendant's pretrial motion in limine. This motion asked the court to exclude any evidence offered by plaintiffs tending to show a State-held right-of-way less than six rods in width. The basis for this motion was defendant's assertion that it could demonstrate as a matter of law that parcel 4B was part of the same six-rod right-of-way laid out in 1816. In essence, the motion was for partial summary judgment[3] on this issue, since it relied on "matters outside the plead-

---

[1] See Acts of 1816, ch. XIII ("An Act appointing a committee to lay out a road from Middlebury in the County of Addison to the lower falls on Onion River, in the County of Chittenden.")

[2] 19 V.S.A. § 36 reads: "When the survey of a highway has not been properly recorded or the records preserved, or, if terminations and boundaries cannot be ascertained, the board or selectmen may use and control for highway purposes one and one-half rods each side of the center of the traveled portion thereof."

[3] Exclusion of plaintiffs' evidence would necessarily have resulted in a judgment that the State had identified the position of the original six-rod right-of-way and had established it as substantially congruent with parcel 4B. Since other issues in the case were not challenged by the motion, it was a motion for *partial* summary judgment only. See V.R.C.P. 56(b).

ing" which were "presented to and not excluded by the court." V.R.C.P. 12(b)(6).

■ The memorandum filed by the defendant in support of its motion did not argue that the matter posed for resolution was devoid of a "genuine issue as to any material fact." V.R.C.P. 56(c). It simply pointed out that it was plaintiffs' burden to establish by a preponderance of the evidence that the terminations and boundaries of the survey relied on by the State could not be ascertained. That assertion falls far below the standard for demonstrating the absence of a genuine issue as to any material fact. See *State v. Heritage Realty,* 137 Vt. 425, 428-29, 407 A.2d 509, 511 (1979). Consequently, the claims in defendant's motion in limine were not supported by its memorandum, and no support for summary judgment appears elsewhere on the record below. However thorough and convincing the work of the defendant's experts may have been, as disclosed by the motion and the testimony of witnesses at the hearing on the motion, we see no reason why the trial court should have viewed a complex and problematic title record to be so conclusive as to bar the introduction of contrary evidence. Consequently, we hold the trial court was correct in denying the motion in limine.

But the court went further. In effect, the court granted plaintiffs summary judgment[4] on the disputed issue of the identity of parcel 4B with the original six-rod right-of-way, apparently concluding that defendant should be precluded from contending that its preexisting right-of-way was six rods in width. Trial began thereafter before the jury, with defendant noting continuous objection to the court's order limiting Vermont's interest in the right-of-way to three rods.

Defendant argues on appeal that even if the boundaries of the six-rod right-of-way were not established as a matter of law in defendant's favor at the hearing of the motion in limine, it still should not have been removed from the jury's consideration. We agree. The trial court apparently relied on *Savard v. George,* 125 Vt. 250, 214 A.2d 76 (1965). That case held that 19 V.S.A. § 36 applied where it was impossible to establish the boundaries of a road "by the filed description in the survey." *Savard* at 254, 214

---

[4] While the court's ruling was given at an unrecorded pretrial conference, plaintiffs do not contest its effect, and it is clear that the trial court in effect granted a summary judgment to plaintiffs on the issue of the width of the right-of-way.

A.2d at 81. Focusing on the words "filed description in the survey," the court concluded that all it was permitted to examine under the rule in *Savard* was the file description itself in the survey bills "not the file description edited for errors." But while the rule was the proper one to apply, the case does not stand for the proposition that reasonable people cannot differ over the meaning or interpretation of a filed description. *Savard* requires that a road boundary be determinable by the filed description, but it does not bar use of whatever admissible evidence a party may have to establish a boundary under a filed description. Defendant sought to show an error in the description and asserted that its establishment of the time and place where the error was committed was so clear that the filed description, as translated to eliminate the error, conclusively established the location of the six-rod right-of-way. This was essentially no different from an error in a deed subject to reformation. *Abbott* v. *Flint's Administrator,* 78 Vt. 274, 277, 62 A. 721, 721 (1906). Extrinsic aids to interpretation are open to demonstration and proof although the burden of proof is a heavy one, *deNeergaard* v. *Dillingham,* 123 Vt. 327, 331, 187 A.2d 494, 497 (1963), with the trial court's discretion serving as a bulwark against the fanciful.

As we indicated above, defendant's case was not established as a matter of law by its pretrial motion. On the other hand, nothing in *Savard,* nor in *Gardner* v. *Town of Ludlow,* 135 Vt. 87, 369 A.2d 1382 (1977), cited by the parties, should have prevented defendant from presenting its version of the file description. The trial court treated the words of *Savard* as if every file description was palpably clear and self-executing. Ancient surveys are rarely so, and the defendant's presentation below was well within the ambit of reasonable explanation. The issue was complex, but it is, nevertheless, the very sort of question which triers of fact are well suited to decide.

We think it was error for the trial court to have entered partial summary judgment in favor of plaintiffs; defendant's theory of the case was not incorrect as a matter of law and deserved a hearing before the jury.

Plaintiffs argue that even if the trial court erred in granting summary judgment in their favor, the judgment below should be sustained on the court's alternative holding that, notwith-

standing 19 V.S.A. § 1452,[5] land and structures within an unused right-of-way cannot be taken without compensation, citing *Adams* v. *Town of Derby,* 73 Vt. 258, 50 A. 1063 (1901), and *Colson* v. *State Highway Board,* 122 Vt. 392, 173 A.2d 849 (1961). We disagree.

At the time *Adams* was decided, what was then § 3294 of the Vermont Statutes, in its relevant part, read:

> If the survey of a highway has not been properly recorded, or the record preserved, or if its terminations and boundaries cannot be ascertained, the selectmen may re-survey the same . . . but fences or buildings erected or continued thereon for more than fifteen years shall not be removed or the lands enclosed taken for the highway, without compensation.

The opinion of this Court in *Adams* reads in part:

> [T]he court hold[s] that under s. 3924[6] V. S. if the land owner has been in possession of lands within the limits of a highway for fifteen years, that his fences and buildings erected and continued thereon for that length of time, shall not be removed nor the lands enclosed again taken for the highway without compensation.

*Adams* at 260-61, 50 A. at 1064.

In the light of the statute as quoted above, and of this Court's opinion interpreting and applying that statute, we hold that defendant is correct in its argument that *Adams* is based on the compensation provision of § 3294 as it existed in 1901.

In 1906, however, the General Assembly amended § 3294.[7] For purposes of this case, the most significant change was the complete deletion of the compensation provision. As amended, § 3294 read:

> If the survey of a highway has not been properly recorded, or the record preserved, or if its terminations and bounda-

---

[5] 19 V.S.A. § 1452 states: "A right or interest within the limits of a highway shall not be acquired by possession or occupation."

[6] The reference to § "3924" is apparently a publishing error transposing the 2 and the 9. It should read 3294. The error is patent. Section 3924 had no relation to highways or to any matter involved in this case. Moreover, the statute is *correctly* referenced in 50 A. at 1064.

[7] See 1906, No. 107.

ries cannot be ascertained, the selectmen may resurvey the same, and make a record thereof in the office of the clerk of the town.

This statute has been twice amended since 1906.[8] It presently appears as 19 V.S.A. § 33.[9] However, the changes effected by these two amendments do not include any restoration of a compensation provision, or any suggestion of such an intent on the part of the legislature.

We agree also with defendant's contention that our decision in *Colson* was based on *Adams*. It is not clear from our 1961 opinion in *Colson* whether the statute was brought to the attention of either the trial court or of this Court; nevertheless, we hold that, because of the amendment discussed above, the decision was wrong and is not controlling here.

Finally, plaintiffs rely on *Knight* v. *Heaton,* 22 Vt. 480 (1850), which held that a landowner could claim prescriptive rights in a town highway. The argument for *Knight* as support for plaintiffs' position is without merit. While the Court does not cite the statute upon which it relies, other than its reference to "a recent statute," *Knight,* at 483, it is abundantly clear that the referenced statute is the predecessor to the statute in *Adams*. See 1840 R.S., Chapt. XX, Title X, § 8. This statute is the same as the *Adams* statute in all material respects.

It is not necessary to discuss in any detail the possibility that the Court's opinion in *Knight* can be interpreted to approve prescriptive rights against the State or a town in highway lands regardless of compensation statutes. Shortly after *Knight* was decided, the legislature, in 1858, enacted No. 27 of that year, which read: "No person shall gain any right or interest within the limits of any highway in this State, solely by the possession and occupation of any portion of such highway." This provision has continued as the statutory law of Vermont since its inception with only minor modifications in its form, and none in its substance. At the time this proceeding commenced in April, 1983, it appeared as 19 V.S.A. § 1452: "A right or interest within the limits of a highway shall not be acquired by possession or occupation."[10]

---

[8] See 1953, No. 238, § 1 and 1985, No. 269 (Adj. Sess.), § 1.

[9] See 1986 Cumulative Pocket Supplement to Vol. 6A, V.S.A.

[10] The statute presently appears as 19 V.S.A. § 1102 with a minor change in its form. See recodification of State Highway Law, 1985, No. 269 (Adj. Sess.), § 1.

It is not necessary to overrule this Court's decisions in *Adams* and *Knight* since both were based on statutes which no longer exist. Nevertheless, to the extent that *Colson* is inconsistent with this opinion, it is overruled. Because the error below resulted from the trial court's apparent reliance on *Colson,* and the earlier cases which are no longer controlling, there must be a new trial.

*Reversed and remanded for a new trial.*